638 S.E.2d 173

**STATE of West Virginia, Plaintiff Below, Appellee**

v.

**Norma Jean SAUNDERS, Defendant Below, Appellant.**

No. 33034.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 19, 2006.

Decided Oct. 5, 2006.

E. George Taylor, Barbara A. Brown, Deputy Public Defender, Charleston, for the Appellant.

Darrell V. McGraw, Jr., Attorney General, Nicole A. Cofer, Third Year Law Student, Practicing Under Rule 10, Barbara H. Allen, Managing Deputy Attorney General, Charleston, for the Appellee.

ALBRIGHT, Justice:

Appellant Norma Jean Saunders seeks to overturn a felony conviction[1] for violating the Solid Waste Management Act (the "Act").[2] The violation arose from the continued operation of a construction and demolition landfill known as Rick's Used Auto Parts in contravention of a cease and desist order the West Virginia Department of Environmental Protection ("DEP") issued on August 28, 2002. The cease and desist order resulted from Appellant's continuing failure to adhere to the terms of a consent order she executed on August 9, 2001.[3] Based on her

---

**1.** Appellant was given probation and assessed a $250 fine in connection with her entry of a guilty plea to one count of violating the Solid Waste Management Act. *See* W.Va.Code § 22–15–15(b)(4) (2002).

**2.** *See* W.Va.Code § 22–15–15(b)(4).

**3.** Under the consent order, DEP conferred with Rick's Used Auto Parts on a monthly basis begin-

ning on September 1, 2001, to identify the remedial work to be performed during that month. Pursuant to the order, Appellant could not renew the permit issued for the landfill, which expired on September 3, 2003. The consent order expressly provided that if DEP determined that Rick's Used Auto Parts failed to comply with the terms of the order, "Rick's shall immediately

position that a prior conviction under the Act is an essential element of the felony offense at issue, Appellant argues that the indictment should have been dismissed on the grounds that the State failed to include the essential elements of the offense in the indictment. After carefully reviewing the statutory language at issue, we conclude that while a prior conviction under the Act can be grounds for a felony conviction under West Virginia Code § 22–15–15(b)(4) (2002), a prior conviction is not an essential element of the offense because the Legislature expressly framed the elements of the offense in the disjunctive. Finding that the Circuit Court of Kanawha County did not commit error, we affirm.

## I.  Factual and Procedural Background

The landfill at issue [4] was operating pursuant to a permit issued on September 3, 1998, which expired on September 3, 2003. During the course of an inspection on April 4, 2000, DEP identified and documented twenty-seven violations at the landfill. Notices of violation were issued in connection with the multiple violations. On August 11, 2000, DEP personnel met with Appellant's representatives to discuss the continued noncompliance relative to the conditions identified in the notices of violation. A second meeting was held between DEP representatives and Appellant's representative on August 30, 2000, to discuss both the noncompliance and remediation of the landfill site.

Prior to additional inspections on February 1 and 21, of 2001, there were phone conversations and meetings concerning the violations at issue between representatives of DEP and Appellant. At the time of the February 2001 inspections, it was determined that multiple instances of noncompliance with the Solid Waste Management Act; the Water Pollution Control Act; and the Groundwater Protection Act remained due to the lack of abatement actions taken by Appellant with regard to the landfill. Consequently, an order for

compliance was issued by DEP on May 22, 2001, which directed that "Rick's Used Auto Parts shall immediately cease the acceptance of solid waste and cease operation of its commercial class D–1 landfill near Clendenin in Kanawha County." The order further provided that within thirty days of the landfill's receipt of the order, Rick's Used Auto Parts was required to submit a proposed closure plan to DEP.

Although Rick's Used Auto Parts filed an appeal in connection with the issuance of the compliance order, the appeal was withdrawn in connection with the entry of a consent order on August 9, 2001. Through that consent order, Ms. Saunders agreed not to submit an application to seek renewal of the landfill permit and to work with DEP on a monthly basis to identify specific remediation measures in need of implementation. Rick's Used Auto Parts gave DEP a security interest in a vehicle to guarantee its performance under the consent order and expressly agreed that final closure of the landfill could be ordered at any time by DEP upon its determination that the terms of the consent order were not being met.

By letter dated August 28, 2002, which was hand delivered, DEP informed Ms. Saunders that "Rick's Used Auto Parts ha[d] failed to perform activities pursuant to the August 9, 2001 Consent Order entered by the Environmental Quality Board." DEP further instructed Appellant that pursuant to the terms of the consent order, "Rick's Used Auto Parts shall immediately cease and desist all operations and begin final closure." [5] A second correspondence dated October 29, 2002, and transmitted by certified mail was sent to Ms. Saunders indicating that an inspection on October 17, 2002, demonstrated that final closure procedures, including the posting of signs indicating the facility's closure, had not been implemented. Ms. Saunders was again instructed to cease accepting waste products and to "[r]estrict access by

cease and desist all operations and begin final closure."

**4.** According to the record, this landfill had been in existence for many years and predated DEP's enforcement responsibilities under the Solid Waste Management Act.

**5.** As part of the consent order, Rick's Used Auto Parts agreed that it waived all rights to appeal any enforcement actions taken by DEP related to the subject of the order.

the use of gates, fencing, or other appropriate means to ensure against further use of the facility."

A DEP inspection supervisor filed a criminal complaint against Ms. Saunders on December 3, 2002, averring that she and two other DEP representatives had personally observed waste being dumped at Rick's Used Auto Parts on that date. Statements were obtained from two individuals who performed the dumping, indicating that they had paid Ms. Saunders specific amounts in connection with unloading two trucks filled with waste at the landfill. An indictment was issued by the Grand Jury of Kanawha County in January 2004, charging Ms. Saunders with three separate counts of "unlawfully, feloniously, knowingly, and willfully violat[ing] a cease and desist order . . . ."

Through counsel, Appellant filed a motion to dismiss the indictment on the grounds that the indictment was fatally insufficient for failing to allege that Ms. Saunders had a prior conviction for violating the statute at issue. The motion was denied and Ms. Saunders subsequently entered a plea of guilt on March 28, 2005, to committing the felony offense of violating a DEP protection order. By order entered on June 10, 2005, Appellant was sentenced to six months of probation and required to pay a $250 fine. Through this appeal, Appellant asserts that the trial court erred in failing to dismiss the indictment for insufficient averment of the essential elements of the offense.

## II. Standard of Review

■ Because this case involves an issue of statutory interpretation, our review is *de novo*. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). Accordingly, we proceed to determine whether the trial court committed error in failing to

dismiss the indictment returned against Appellant for lack of sufficiency.

## III. Discussion

### A. Prior Conviction

■ Appellant urges this Court to view the statute under which she was convicted as an enhancement statute that requires as a predicate basis the existence of a prior conviction under the Act. The language at issue provides:

(4) Any person convicted of a second offense **or** subsequent willful violation of subdivision (2) or (3) of this subsection **or** knowingly and willfully violating any provision of any permit, rule or order issued under or subject to the provisions of this article **or** knowingly and willfully violating any provision of this article, is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than one nor more than three years, or fined not more than fifty thousand dollars for each day of violation, or both fined and imprisoned.

W.Va.Code § 22–15–15(b)(4) (emphasis supplied).

Asserting that the statute has to be read as requiring a qualifying prerequisite conviction, Appellant maintains that the indictment issued against her did not lawfully charge her with the felony offense identified in West Virginia Code § 22–15–15(b)(4).[6] Given that she was a first time offender of the Act, Appellant argues that she should have been charged with a misdemeanor offense under the preceding subsection. That section provides that:

(3) Any person who willfully or negligently violates any provision of any permit issued under or subject to the provisions of this article **or** who willfully or negligently violates any provision of this article or any rule of the secretary or any order of the secretary or board is guilty of a misdemeanor and, upon conviction thereof, shall be fined not less than two thousand five

---

**6.** *See State v. Palmer,* 210 W.Va. 372, 377, 557 S.E.2d 779, 784 (2001) (recognizing that "[t]he failure of an indictment to adequately state the essential elements of a criminal charge is a fundamental defect that may be raised at any time");

*see also State ex rel. Combs v. Boles,* Syl. Pt. 1, 151 W.Va. 194, 151 S.E.2d 115 (1966) ("In order to lawfully charge an accused with a particular crime it is imperative that the essential elements of that crime be alleged in the indictment").

hundred dollars nor more than twenty-five thousand dollars per day of violation, or imprisoned in a county or regional jail not more than one year, or both fined and imprisoned.

W.Va.Code § 22–15–15(b)(3) (emphasis supplied).

As additional support for her position, Appellant asserts that a useful purpose would be served by construing West Virginia Code § 22–15–15(b)(4) to require a prior conviction before an individual could be charged with a felony offense under the Act. By interpreting the statute in this fashion, the State is prevented from having the discretion to charge first time offenders with either a misdemeanor or a felony offense. Appellant suggests additionally that there is no real distinction between the terms "knowingly" and "willfully" which permits offenses to be readily classified as either misdemeanors or felonies. Consequently, she advocates that the offenses are more easily differentiated by requiring a prior conviction as a predicate requirement for a felony offense under West Virginia Code W.Va.Code § 22–15–15(b)(4).

Emphasizing the legislative decision to assert the elements constituting the felony offense at issue in the disjunctive, the State maintains that Appellant's proposal to require a predicate conviction before charging a felony offense under the Act would constitute a rewriting of the statute. Were we to adopt the position of Appellant, the State argues that principles of statutory construction would be violated. We agree.

An examination of the statute demonstrates a legislative decision to delineate at least four separate bases that permit a person to be charged with a felony offense of violating the Act. The first ground for a felony offense is a "second offense" under the Act and the second ground is a "subsequent

willful violation of subdivision (2) or (3) of" West Virginia Code § 22–15–15(b). The third ground for committing a felony offense is "knowingly and willfully violating any provision of any permit, rule or order issued under or subject to the provisions of this article." The fourth and final ground for a felony offense is "knowingly and willfully violating any provision of this article." W.Va. Code § 22–15–15(b)(4).

The indictment at issue in this case charged Appellant with three counts of "unlawfully, feloniously, knowingly, and willfully violat[ing] a cease and desist order. . . ." in conformity with the third alternative ground for committing a felony offense under the Act. There was no use of the disjunctive in the charging document;[7] the separate counts were differentiated solely by the month of the alleged violation.[8] While Appellant seeks to circumvent the legislative use of the disjunctive grounds provided for charging a felony offense under the Act, the rules of statutory construction do not permit the interpretation she advocates.

■ It is axiomatic that " 'where the disjunctive "or" is used, it ordinarily connotes an alternative between the two [or more] clauses it connects.' " *State v. Taylor,* 176 W.Va. 671, 675, 346 S.E.2d 822, 825 (1986) (citations omitted). We expounded on the legislative use of a disjunctive clause in *Tennant v. Smallwood,* 211 W.Va. 703, 568 S.E.2d 10 (2002):

This Court has previously observed that "the word 'or' is 'a conjunction which indicate[s] the various objects with which it is associated are to be treated separately.' " *Holsten v. Massey,* 200 W.Va. 775, 790, 490 S.E.2d 864, 879 (1997) (quoting *State v. Carter,* 168 W.Va. 90, 92 n. 2, 282 S.E.2d 277, 279 n. 2 (1981)). Moreover, the use of this term "ordinarily connotes an alterna-

---

**7.** Appellant cannot assert that the use of the disjunctive in the charging document obscured the nature of the charges brought against her, given the singular method by which Appellant was charged with violating the Act (violation of a cease and desist order). *See State v. Loy,* 146 W.Va. 308, 313, 119 S.E.2d 826, 829–30 (1961) (discussing disjunctive method of charging defendants and observing that "the use of the disjunctive is fatal only where uncertainty results, and

not where one term is used as explaining or illustrating the other, or where the language of the statute makes . . . the act itself in the alternative, indictable"). The charging document at issue here is devoid of any disjunctive language.

**8.** The indictment charged Appellant with committing violations of the cease and desist order in August, October, and December of 2002.

tive between the two clauses it connects." *Albrecht v. State,* 173 W.Va. 268, 271, 314 S.E.2d 859, 862 (1984) (citing *State v. Elder,* 152 W.Va. 571, 577, 165 S.E.2d 108, 112 (1968)).

211 W.Va. at 712, 568 S.E.2d at 19; *accord Carper v. Kanawha Banking & Trust Co.,* 157 W.Va. 477, 517, 207 S.E.2d 897, 921 (1974) ("Recognizing the obvious, the normal use of the disjunctive 'or' in a statute connotes an alternative or option to select"); *see also Smith v. Godby,* 154 W.Va. 190, 199, 174 S.E.2d 165, 171 (1970) (stating that "[i]t is significant that the statute uses the words 'fail' or 'refuse' in the disjunctive and manifestly attaches a different meaning to each word").

Given the longstanding recognition that the legislative use of the disjunctive signifies an alternative between at least two separate clauses, we must reject Appellant's argument that the statutory language obscures ready discernment of which types of conduct constitute a felony offense under the Act. Clearly, one qualifying method for committing a felony violation of the Act is the knowing and willful violation of any provision of a permit, rule or order. *See* W.Va.Code § 22–15–15(b)(4). The record is replete with documentation that demonstrates repeated violations by Appellant of both the consent order and the cease and desist order. Critically, Appellant does not deny that these violations occurred. Instead, she seeks solely to condemn the legislative means of establishing a felony offense under the Act.

We are not persuaded by Appellant's attempt to characterize the statute at issue as an enhancement statute. The legislative schema indicates otherwise. Having carefully studied the language at issue, we conclude that while a prior conviction under the Act can be grounds for a felony conviction under West Virginia Code § 22–15–15(b)(4), a prior conviction is not an essential element of the offense because the Legislature expressly framed the elements of the offense in the disjunctive. Accordingly, we determine that the lower court did not commit error in refusing to dismiss the indictment on the grounds of insufficiently pleading the elements of a felony offense under West Virginia Code § 22–15–15(b)(4).

## B. "Knowingly and Willfully"

As an additional attack on the statute at issue, Appellant contends that adverbial modifiers used to distinguish a misdemeanor offense from a felony offense are meaningless. Under subsection (b)(3), a misdemeanor offense results from "willfully *or* negligently" violating any permit, rule or order governing the provisions of the Act. *See* W.Va.Code § 22–15–15(b)(3) (emphasis supplied). In contrast, a felony offense of the Act results from "knowingly *and* willfully" violating a permit, rule or order. *See* W.Va. Code § 22–15–15(b)(4) (emphasis supplied).

Appellant raises this argument to bolster her contention that the Legislature must have intended that the initial clause in subsection (b)(4) relates to the remaining language—that is to say that a prior conviction is required in all instances of conduct qualifying as sufficient to constitute a felony offense under the Act. Although we have rejected this interpretation of the statute, we proceed to consider whether there is a distinction between "willfully *or* negligently" and "knowingly *and* willfully" engaging in unlawful conduct within the meaning of the statute. *Cf.* W.Va.Code § 22–15–15(b)(3), (4).

Turning first to the word "willful," this Court has defined that term to mean conduct that is intentional. "One of the best definitions of the word wilful is the following: 'Intending the result which actually comes to pass; design; intentional; not incidental or involuntary.'" *State ex rel. Koontz v. Smith,* 134 W.Va. 876, 882, 62 S.E.2d 548, 551(1950) (citing *Black's Law Dictionary* (3rd ed. 1848)). Willful conduct necessarily involves more than just negligence, as we observed in *Prince v. State Compensation Commissioner,* 123 W.Va. 67, 13 S.E.2d 396 (1941):

"Willful misconduct" has been variously defined in opinions dealing with facts similar to those established in this case. In *Glass v. Sullivan,* 170 Tenn. 230, 94 S.W.2d 381, it is said that willful misconduct means more than negligence and carries the idea of deliberation and intentional wrongdoing. "Willful misconduct includes all conscious or intentional violations of

definite law or rules of conduct, as distinguished from inadvertent, unconscious, or involuntary violations."

123 W.Va. at 70, 13 S.E.2d at 398 (some citations omitted).

■ With regard to the facts of this case, the word "willfully" refers to Appellant's intentional acceptance of money in exchange for the dumping of waste at the landfill after being told by DEP that the landfill was in noncompliance; being specifically instructed not to accept additional waste products; and executing a consent order the terms of which required that she cease accepting such products. There is no question that Appellant's continuing and repeated acceptance of money for the privilege of dumping waste products at the landfill qualifies as intentional and purposeful conduct after she was instructed not to so act on multiple occasions and had expressly agreed to abide by DEP directives under the terms of the consent order.

■ In contrast to the misdemeanor offense which only requires conduct that is willful *or* negligent, a felony offense requires conduct that is both knowing *and* willful. *Cf.* W.Va.Code § 22–15–15(b)(3), (4) (emphasis supplied). When grouped together and used in the penal sense, the terms "willfully" and "knowingly" connote the necessary mental element for the commission of a crime. *See State v. Pearis,* 35 W.Va. 320, 322, 13 S.E. 1006, 1007 (1891) (recognizing that general criminal intent is established by showing that defendant wilfully and knowingly did the unlawful act). Appellant suggests that there is no real difference between the terms "knowingly" and "willfully." [9] The law proves otherwise. The term "knowing" is defined as "[h]aving or showing awareness or understanding; well-informed." *Black's Law Dictionary* 876 (7th ed., West 1999). Within the meaning of West Virginia Code § 22–15–15, the term "willfully" connotes conduct that was intentionally engaged in that had as its

consequences the violation of the law, while the term "knowingly" requires the additional element of demonstrating that the actor was consciously aware when engaging in the illegal conduct that such conduct was in violation of the law. In this case, the law which Appellant knew she was violating was initially the consent order and then later the cease and desist order. [10]

Despite the clear demarcation between the type of conduct that constitutes a misdemeanor versus a felony offense under the statute, Appellant seeks to negate the legislative significance that underlies such differentiation. Only by disregarding the fact that the misdemeanor offense is described in the disjunctive (willfully *or* negligently) whereas the felony offense is expressly denoted in the conjunctive (knowingly *and* willfully), can Appellant make the argument that there is no difference between the elements of these two offenses. Moreover, Appellant's position flies in the face of established rules of statutory construction.

■ We are required to operate under the presumption that the Legislature attaches specific meaning to every word and clause set forth in a statute. *See State ex rel. City of Huntington v. Lombardo,* 149 W.Va. 671, 698, 143 S.E.2d 535, 551 (1965) ("A cardinal rule of statutory construction is that significance and effect must, if possible, be given to every section, clause, word or part of a statute."); *accord Ex Parte Watson,* 82 W.Va. 201, 205, 95 S.E. 648, 649 (1918) (stating that "[a]n interpretation of a statute or clause thereof which gives it no function to perform ... must be rejected as unsound; for it is presumed that the legislature had a purpose in the use of every word and clause found in a statute, and intended the terms used to be effective"). To accept Appellant's contention that the terms "willfully" and "knowingly"

---

9. The cases relied upon by Appellant to support her position that this State uses the terms "knowingly" and "willfully" interchangeably are distinguishable in that none of them are penal cases. Each of the cases cited by Appellant for this proposition involves either workers' compensation or negligence law.

10. The record is replete with evidence that Appellant was fully aware of the fact that she was acting in violation of the law by continuing to accept payment for waste disposal at the landfill given the entry of multiple orders which directed her not to so act, as well as the monthly meetings and/or inspections that involved both DEP representatives and Appellant or her representatives.

were intended by the Legislature to operate in synonymous fashion is simply untenable.

▮ That the Legislature intended to separate felonious conduct from misdemeanor conduct under the Act by requiring the additional element of proving that the individual engaged in the proscribed conduct while being expressly aware that such conduct was in violation of a permit, rule or order is clear from the statutory language at issue. *See* W.Va.Code § 22–15–15(b)(3),(4). One method of committing a misdemeanor offense under the Act is the intentional or purposeful engagement in the conduct whose result is a violation of a permit, rule or order.[11] *See* W.Va.Code § 22–15–15(b)(3). With such an offense there is no proof required that the actor knew that his or her conduct was in violation of a permit, rule or order—only that he or she intended to commit the proscribed conduct. To be charged with a felony offense under the Act, however, requires proof of the actor's cognition or specific awareness that such conduct was in violation of a permit, rule or order. The cognitive requirement inserted by use of the term "knowingly" is what separates a misdemeanor offense from a felony offense under the Act. Consequently, we must reject Appellant's position that the Legislature has failed to effectively differentiate conduct which qualifies as a misdemeanor offense from that which qualifies as a felony offense under the Act.[12]

Based on the foregoing, the decision of the Circuit Court of Kanawha County is hereby affirmed.

Affirmed.

---

**11.** Like the felony offense provided for in the Act, the grounds provided for a misdemeanor offense are similarly varied. *See* W.Va.Code § 22–15–15(b)(3).

**12.** We reject Appellant's argument that the statute is void for vagueness as this issue was not preserved for appeal. *See Whitlow v. Board of Education,* 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993) ("Our general rule in this regard is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal."). We note, however, that no constitutional infirmities in the identification of the proscribed conduct or the resulting penalties for such conduct are apparent. *See* Syl. Pt. 1, *State v. Flinn,* 158 W.Va. 111, 208 S.E.2d 538 (1974) (holding that "[a] criminal statute must be set out with sufficient definiteness to give a person of ordinary intelligence fair notice that his contemplated conduct is prohibited by statute and to provide adequate standards for adjudication").