# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

October 18, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0111** (Cabell County 12-F-18)

**Daniel C. Chapman,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Daniel C. Chapman, by counsel A. Courtenay Craig, appeals the order of the Circuit Court of Cabell County, entered July 16, 2012, that denied his motion to suppress evidence obtained from a warrantless search of his car. Petitioner's sentencing order was entered December 14, 2012. The State, by counsel Andrew Mendelson, filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

At about 3:00 a.m., on March 7, 2011, petitioner was stopped by a West Virginia state trooper (the "trooper") for an unsafe vehicle violation pursuant to West Virginia Code § 17C-16-2. Petitioner's car was missing a headlight and the right front quarter panel, and the front bumper was held on with a bungee cord.

The trooper later testified to the following regarding the stop: As soon as the trooper got to the driver's side door, she smelled a strong odor of marijuana emanating from the car. The trooper told petitioner that she smelled marijuana and asked if he had any in his possession. Petitioner said, "No," but admitted that he had smoked some earlier that day. The trooper saw a backpack that had a combination lock on the zipper on the front seat of the car. Petitioner denied ownership of the backpack and said it likely belonged to one of several people who had been in his car the previous evening. The trooper asked petitioner, "Do you mind if I take a look in your vehicle?" Petitioner replied, "No." Petitioner then exited his vehicle at the trooper's request and went to the back of his car. The trooper called for back-up prior to searching the car or backpack.

When back-up arrived, the trooper asked the back-up officer, "Do you know what I am looking for?" The back-up officer said, "No. I can smell it already." Then, or soon thereafter, petitioner was handcuffed and placed in the back of a squad car. The trooper searched petitioner's car and removed the backpack from the front seat. She cut a small hole in the backpack and saw money, baggies, and a small safe. The trooper transported petitioner to the

1

local State Police detachment where she opened the backpack and the safe and found $2,240 in cash, several small plastic bags, marijuana, and a set of scales. Petitioner was read his *Miranda* rights. Thereafter, he admitted he was delivering the backpack to a man in Milton in exchange for a tank of gas.

On January 11, 2012, petitioner was indicted on one count of "possession with intent to deliver" marijuana. Petitioner thereafter filed a motion to suppress the evidence seized from his car.

At petitioner's July 11, 2012, suppression hearing, the trooper testified that she had probable cause to conduct a warrantless search due to the strong odor of marijuana emanating from petitioner's car. Petitioner testified that he did not give the trooper permission to search his car or backpack. Petitioner argued that the search was illegal, pursuant to West Virginia Code § 62-1A-10(a), because the trooper did not have petitioner's written or recorded oral consent to search his car. The circuit court denied petitioner's motion to suppress and found that the trooper had probable cause for the warrantless search. The court memorialized its ruling by order entered July 16, 2012.

On October 26, 2012, petitioner entered a conditional guilty plea, but reserved the right to appeal the circuit court's denial of his motion to suppress. On December 14, 2012, the circuit court sentenced petitioner to not less than one nor more than five years in prison, but suspended the sentence in lieu of two years of probation.

Petitioner now appeals the circuit court's denial of his motion to suppress the evidence seized from his car.

In *State v. Lilly*, 194 W.Va. 595, 461 S.E.2d 101 (1995), this Court explained the standard of review of a circuit court's ruling on a motion to suppress:

> [W]e first review a circuit court's findings of fact when ruling on a motion to suppress evidence under the clearly erroneous standard. Second, we review *de novo* questions of law and the circuit court's ultimate conclusion as to the constitutionality of the law enforcement action. Under the clearly erroneous standard, a circuit court's decision ordinarily will be affirmed unless it is unsupported by substantial evidence; based on an erroneous interpretation of applicable law; or, in light of the entire record, this Court is left with a firm and definite conviction that a mistake has been made. When we review the denial of a motion to suppress, we consider the evidence in the light most favorable to the prosecution.

*Id.* at 600, 461 S.E.2d at 106 (internal citation and footnote omitted).

Petitioner argues that because he was stopped for an alleged violation of a traffic misdemeanor law or ordinance, West Virginia Code § 62-1A-10 must be applied to determine whether the trooper's warrantless search of his car was legal. Section 62-1A-10 states as follows:

(a) A law-enforcement officer who stops a motor vehicle for an alleged violation of a traffic misdemeanor law or ordinance may not search the vehicle unless her or she:

    (1) Has probable cause or another lawful basis for the search;

    (2) Obtains the written consent of the operator of the vehicle on a form that complies with section eleven of this article; or, alternatively;

    (3) Obtains the oral consent of the operator of the vehicle and ensures that the oral consent is evidenced by an audio recording that complies with section eleven of this article.

(b) Notwithstanding the provisions of subsection (a) of this section, should a form meeting the requirement of section eleven of this article or an audio recording device be unavailable a handwritten consent executed by the vehicle operator and meeting the consent requirements of section eleven of this article will suffice.

(c) Notwithstanding the provisions of subsection (a) or (b) of this section should a court find that the officer had a reasonable suspicion of dangerousness to his or her safety which precluded recordation of the consent the recordation requirements of this section shall be found inapplicable.

(d) Failure to comply with the provisions of this section shall not, standing alone, constitute proof that any consent to search was involuntary.

(e) A finding by a court that the operator of a motor vehicle voluntarily and verbally consented to a search of the motor vehicle shall make the recordation requirements of this section inapplicable.

(f) Nothing contained in this section shall be construed to create a private cause of action.

(g) This section takes effect on January 1, 2011.

(Emphasis added.) Based on this language, petitioner argues that his car could be searched only if the trooper had probable cause *and* (1) written or recorded verbal consent from petitioner to search the car pursuant to § 62-1A-10(a)(2) or (a)(3); *or* (2) a judicial finding that the trooper's reasonable suspicion of dangerousness precluded consent pursuant to § 62-1A-10(c); *or* (3) a judicial finding that petitioner voluntarily and verbally consented to the search pursuant to § 62-1A-10(e). Petitioner claims that even if the trooper had probable cause to search his car (which he contends she did not), she did not have petitioner's written or recorded oral consent to conduct the search. Moreover, the circuit court made no findings that petitioner voluntarily and verbally consented to the search or that the trooper had a reasonable suspicion of petitioner's dangerousness. In regard to "dangerousness," petitioner contends that the trooper was in no

3

danger during the search because, before the search commenced, a second trooper had arrived on the scene and petitioner had been handcuffed and placed in the back of a cruiser.

We concur with petitioner's claim that, in the order on appeal, the circuit court made no *findings* that petitioner voluntarily and verbally consented to the search[1] or that the trooper had a reasonable suspicion that petitioner was dangerous. Therefore, we agree that the stop cannot be justified on those two grounds. Consequently, we focus on petitioner's argument that a warrantless search during a stop for an alleged violation of a traffic misdemeanor law or ordinance is legal only if the trooper has (1) probable cause or another lawful basis for the search; *and* either (2) written consent; *or*, alternatively (3) recorded oral consent.

We begin our analysis by looking specifically at the language of West Virginia Code § 62-1A-10(a). Importantly, we note that § 62-1A-10(a)(*2*) is followed by a disjunctive "or." We also note that the circuit court interpreted § 62-1A-10(a) as follows: A law-enforcement trooper who stops a motor vehicle for an alleged violation of a traffic misdemeanor law or ordinance may not search the vehicle unless her or she: (1) Has probable cause or another lawful basis for the search; *or* (2) written consent; *or*, alternatively; (3) recorded oral consent.

Insofar as the merits of the present appeal involve a matter of statutory interpretation, we review the circuit court's ruling de novo. Syl. Pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia*, 195 W.Va. 573, 466 S.E.2d 424 (1995). We have said,

> [a] statute "is not ambiguous simply because different interpretations are conceivable." Rather, a statute must be subjected to analysis under traditional rules of statutory construction to determine if a statute is ambiguous for "'[r]ules of interpretation are resorted to for the purpose of resolving an ambiguity. . . .'"

*Dunlap v. Friedman's, Inc.*, 213 W.Va. 394, 401, 582 S.E.2d 841, 848 (2003) (internal citations omitted).

When the Legislature uses the disjunctive term "or" in a statute, such as the "or" in § 62-1A-10(a), we have applied the following rule of statutory interpretation:

> It is axiomatic that "'where the disjunctive "or" is used, it ordinarily connotes an alternative *between the two [or more] clauses* it connects.'" *State v. Taylor*, 176 W.Va. 671, 675, 346 S.E.2d 822, 825 (1986) (citations omitted). . . .

> This Court has previously observed that "the word 'or' is 'a conjunction which indicate[s] the various objects with which it is associated are to be treated separately.'" *Holsten v. Massey*, 200 W.Va. 775, 790, 490 S.E.2d 864, 879 (1997) (quoting *State v. Carter*, 168 W.Va. 90, 92 n. 2, 282 S.E.2d 277, 279 n. 2 (1981)).

---

[1] As for the question of whether petitioner consented to the search of his car, we can dispose of this matter without addressing the conflicting testimony on this issue and, as such, do not address it further.

*State v. Saunders*, 219 W.Va. 570, 574-75, 638 S.E.2d 173, 177-78 (2006) (emphasis added) (bracketed clause in the original); *accord Carper v. Kanawha Banking & Trust Co.*, 157 W.Va. 477, 517, 207 S.E.2d 897, 921 (1974) ("Recognizing the obvious, the normal use of the disjunctive 'or' in a statute connotes an alternative or option to select"). In light of our repeated findings that a disjunctive "or" signifies an alternative between separate clauses, we affirm the circuit court's interpretation of West Virginia Code § 62-1A-10(a). Therefore, a warrantless search during a stop for an alleged violation of a traffic misdemeanor law or ordinance is legal where the trooper has probable cause or another lawful basis for the search, alone.

Having resolved the statutory interpretation issue, we now turn to the question of whether the trooper had probable cause to conduct a warrantless search of petitioner's car. We have held that,

> [a]n automobile may be stopped for some legitimate state interest. Once the vehicle is lawfully stopped for a legitimate state interest, probable cause may arise to believe the vehicle is carrying weapons, contraband or evidence of the commission of a crime, and, at this point, if exigent circumstances are present, a warrantless search may be made.

Syl. Pt. 4, *State v. Moore*, 165 W.Va. 837, 272 S.E.2d 804 (1980). Here, the record on appeal shows that (1) the trooper stopped petitioner's car because it was missing a headlight and the right front quarter panel, and the front bumper was held on with a bungee cord; and (2) the trooper noted a pervasive smell of marijuana emanating from petitioner's car. The odor of marijuana, without more, may provide requisite probable cause to support the warrantless search of a vehicle and baggage contained in that vehicle. *U.S. v. Scheetz*, 293 F.3d 175 (4th Cir. 2002). Moreover, exigent circumstances existed to justify the search of the car. As we said in *Moore*, "[t]he exigent circumstance is that unless the vehicle is detained and searched it will be driven away, and, therefore, a warrant need not be obtained." *Id.* at 844, 272 S.E.2d at 810. Consequently, we find that the circuit court did not err in concluding that the trooper had probable cause for the warrantless search of petitioner's car.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 18, 2013

**CONCURRED IN BY:**

Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING**:

Chief Justice Brent D. Benjamin