438 S.E.2d 15

**Shelley D. WHITLOW, Formerly Shelley D. Casto, Plaintiff Below, Appellant**

v.

**The BOARD OF EDUCATION OF KANAWHA COUNTY, a Municipal Corporation, Defendant Below, Appellee.**

No. 21362.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 22, 1993.

Decided Nov. 23, 1993.

---

Jeffrey M. Wakefield, Flaherty, Sensabaugh & Bonasso, Charleston, for appellee.

MILLER, Justice:

In this appeal, we consider whether the general provision of W.Va.Code, 55–2–15 (1923), for tolling the statute of limitations period for suits brought by persons under a disability, has been superseded by the more restrictive tolling provision in the West Virginia Governmental Tort Claims and Insurance Act (Act), W.Va.Code, 29–12A–6 (1986). This latter section is applicable only to individuals suing political subdivisions. If we find that W.Va.Code, 29–12A–6, takes precedence over W.Va.Code, 55–2–15, we then must consider whether that statute violates our constitutional principle of equal protection.

The plaintiff was severely injured on September 17, 1987, when the bleachers at her junior high school collapsed. She was fifteen years old at the time of the accident. The plaintiff sued the Board of Education of Kanawha County on March 28, 1991, over three and one-half years after the accident. The defendant board of education contended that the plaintiff's suit was time barred by virtue of W.Va.Code, 29–12A–6(b). The parties agree that the defendant board of education is a political subdivision under W.Va.Code, 29–12A–3(c),[1] and is, therefore, entitled to the benefit of the Act. The plaintiff, however, sought to avail herself of the limitations found in W.Va.Code, 55–2–15. The Circuit Court of Kanawha County concluded that the limitation period in W.Va.Code, 29–12A–6, was applicable to this case and that the suit was time barred. The plaintiff appeals.

### I.

█ The plaintiff asserts that the circuit court's determination that the Act is applicable to this case was erroneous because there is no specific language in W.Va.Code, 29–12A–1, *et seq.*, that repeals W.Va.Code, 55–2–15. We do not accept this reasoning. First, it must be remembered that W.Va.Code, 55–2–15, does not deal exclusively with tolling the statute of limitations for minors during their minority. It encompasses other per-

Lawrence W. Burdette, Jr., Guy R. Bucci, Sandra A. Willis, Charleston, for appellant.

---

1. W.Va.Code, 29–12A–3(c), states, in relevant part: " 'Political subdivision' means any county commission, municipality and county board of education[.]"

sons who are deemed to be under a disability, i.e., those who are insane.[2] It has been considered our general tolling statute for purposes of extending the time when one under a disability may file an action.

There is nothing in the language of W.Va. Code, 29–12A–6, that repeals W.Va.Code, 55–2–15. Thus, it is apparent that the legislature did not repeal W.Va.Code, 55–2–15, when it enacted W.Va.Code, 29–12A–6. Rather, W.Va.Code, 29–12A–6, enacted a separate tolling provision for minors who sue a political subdivision. Thus, we must contrast the general provision for the tolling of a statute of limitations by persons under a disability in W.Va.Code, 55–2–15, with W.Va. Code, 29–12A–6(b), which contains a more limited tolling provision relating only to suits filed on behalf of minors against political subdivisions.[3]

■ The parties neither suggest nor can we find a way to reconcile the general tolling statute with the special minor's tolling provision in W.Va.Code, 29–12A–6(b). Our traditional rule of statutory construction is set out in Syllabus Point 1 of *UMWA by Trumka v. Kingdon*, 174 W.Va. 330, 325 S.E.2d 120 (1984):

> "The general rule of statutory construction requires that a specific statute be given precedence over a general statute relating to the same subject matter where the two cannot be reconciled."

*See also Vance v. Ritchie*, 178 W.Va. 155, 358 S.E.2d 239 (1987); *State ex rel. Myers v. Wood*, 154 W.Va. 431, 175 S.E.2d 637 (1970).

Utilizing this rule, we conclude that the tolling provisions in the special statute of limitations as to minors in W.Va.Code, 29–12A–6(b), takes precedence over the tolling provisions in the general statute of limitations found in W.Va.Code, 55–2–15.

## II.

■ The plaintiff raises a constitutional question regarding the validity of W.Va. Code, 29–12A–6. The defendant contends that the issue was not raised below, and, consequently, we should not address it. Our general rule in this regard is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal. *See, e.g., Shrewsbury v. Humphrey*, 183 W.Va. 291, 395 S.E.2d 535 (1990); *Cline v. Roark*, 179 W.Va. 482, 370 S.E.2d 138 (1988); *Crain v. Lightner*, 178 W.Va. 765, 364 S.E.2d 778 (1987); *Trumka v. Clerk of the Circuit Court*, 175 W.Va. 371, 332 S.E.2d 826 (1985).

The rationale behind this rule is that when an issue has not been raised below, the facts underlying that issue will not have been developed in such a way so that a disposition can be made on appeal. Moreover, we consider the element of fairness. When a case has proceeded to its ultimate resolution below, it is manifestly unfair for a party to raise new issues on appeal. Finally, there is also a need to have the issue refined, developed, and adjudicated by the trial court, so that we may have the benefit of its wisdom.

■ In this case, we are confronted with very limited and essentially undisputed facts. The constitutional issue raised for the first time on appeal is the controlling issue in the resolution of the case. If the statute is un-

---

**2.** W.Va.Code, 55–2–15, states, in relevant part:

> "If any person to whom the right accrues to bring any such personal action ... shall be, at the time the same accrues, an infant or insane, the same may be brought within the like number of years after his becoming of full age or sane that is allowed to a person having no such impediment to bring the same after the right accrues, ... except that it shall in no case be brought after twenty years from the time when the right accrues."

**3.** W.Va.Code, 29–12A–6(a), has a general two-year statute of limitations for tort actions against political subdivisions subject to a discovery rule.

In W.Va.Code, 29–12A–6(b), there is a proviso or exception to the general two-year limitation which states:

> "An action against a political subdivision to recover damages for injury, death, or loss to a minor, brought by or on behalf of a minor who was under the age of ten years at the time of such injury, shall be commenced within two years after the cause of action arose or after the injury, death or loss was discovered or reasonably should have been discovered, whichever last occurs, or prior to the minor's twelfth birthday, whichever provides the longer period."

constitutional, the case should not be dismissed. Furthermore, the issue is one of substantial public interest that may recur in the future. These two considerations are in line with our basic standards for deciding when to examine matters in a prohibition proceeding. *See Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979).[4] Moreover, these same factors are considered when we determine whether to dismiss an appeal based on the alleged mootness of the case. *See Hairston v. Lipscomb,* 178 W.Va. 343, 359 S.E.2d 571 (1987).[5]

The Arizona Supreme Court in *Barrio v. San Manuel Division Hospital for Magma Copper Co.,* 143 Ariz. 101, 692 P.2d 280 (1984), was also confronted with a constitutional issue not previously raised involving a statute that limited the tolling period during which a minor could bring a malpractice action. It settled the matter in this fashion: "We believe that the constitutional issue in the case at bench is sufficiently important that it should be considered even though not raised in the trial court. We therefore allowed the parties to direct supplemental briefs and oral arguments to the issue. We now turn to the merits." 143 Ariz. at 104, 692 P.2d at 283. Here, the defendant has thoroughly briefed the constitutional issue in response to the plaintiff's claim. We view the matter as sufficiently developed to decide the issue.

**4.** In Syllabus Point 1 of *Hinkle v. Black,* 164 W.Va. 112, 262 S.E.2d 744 (1979), we stated:

"In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear-cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance."

Plaintiff's counsel conceivably could have brought an original prohibition in this Court claiming that W.Va.Code, 29–12A–6, violates equal protection principles.

III.

A.

The defendant begins its constitutional discussion by reminding us that, in the past, we have upheld legislative enactments against constitutional assaults made upon equal protection[6] and certain remedy grounds.[7] *See, e.g., Gibson v. West Va. Dep't of Highways,* 185 W.Va. 214, 406 S.E.2d 440 (1991) (statute of repose in W.Va.Code, 55–2–6a); *Lewis v. Canaan Valley Resorts,* 185 W.Va. 684, 408 S.E.2d 634 (1991) (West Virginia Skiing Responsibility Act, W.Va.Code, 20–3A–6); *Robinson v. Charleston Area Medical Ctr.,* 186 W.Va. 720, 414 S.E.2d 877 (1991) (damage limitation for pain and suffering in West Virginia Medical Professional Liability Act, W.Va.Code, 55–7B–8). Moreover, the defendant cites cases where we have specifically affirmed certain portions of the Act against similar constitutional attacks. *E.g., Randall v. City of Fairmont Police Dep't,* 186 W.Va. 336, 412 S.E.2d 737 (1991) (qualified tort immunity provisions upheld in W.Va.Code, 29–12A–5(b)). *See also Pritchard v. Arvon,* 186 W.Va. 445, 413 S.E.2d 100 (1991) (immunity of employees of a political subdivision under W.Va.Code, 29–12A–5(b)); *O'Dell v. Town of Gauley Bridge,* 188 W.Va. 596, 425 S.E.2d 551 (1992) (workers' compensation immunity in W.Va.Code, 29–12A–5(a)(11)).

**5.** In *Hairston,* 178 W.Va. at 346, 359 S.E.2d at 574, we identified these considerations:

"(1) Whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; (2) whether questions of great public interest should be addressed for the future guidance of the bar or the public; and (3) whether the issues may be repeatedly presented yet escape review because of their fleeting nature."

**6.** Section 10 of Article III of the West Virginia Constitution provides: "No person shall be deprived of life, liberty, or property, without due process of law, and the judgment of his peers."

**7.** Section 17 of Article III of the West Virginia Constitution states: "The courts of this State shall be open, and every person, for an injury done to him, in his person, property or reputation, shall have remedy by due course of law; and justice shall be administered without sale, denial or delay."

Notwithstanding the results in the foregoing cases, they cannot be read as sanctioning the constitutionality of the entire Act. We approached those cases on limited legal and factual bases, just as we approach the constitutional issue in this case.

## B.

█ The equal protection standard applicable to this case is the rational basis test set out in Syllabus Point 2 of *O'Dell v. Town of Gauley Bridge, supra:*

" ' " 'Where economic rights are concerned, we look to see whether the classification is a rational one based on social, economic, historic or geographic factors, whether it bears a reasonable relationship to a proper governmental purpose, and whether all persons within the class are treated equally. Where such classification is rational and bears the requisite reasonable relationship, the statute does not violate Section 10 of Article III of the West Virginia Constitution which is our equal protection clause.' Syllabus Point 7, [as modified,] *Atchinson v. Erwin,* [172] W.Va. [8], 302 S.E.2d 78 (1983)." Syllabus Point 4, as modified, *Hartsock–Flesher Candy Co. v. Wheeling Wholesale Grocery Co.,* [174 W.Va. 538], 328 S.E.2d 144 (1984).' Syllabus Point 4, *Gibson v. West Virginia Department of Highways,* 185 W.Va. 214, 406 S.E.2d 440 (1991)." [8]

█ The defendant argues that there is a rational basis for classifying minors differently in actions governed by W.Va.Code, 29–12A–6, than in other tort actions where minors are treated similarly by virtue of the general savings statute, W.Va.Code, 55–2–15. The defendant points to the legislative purpose of W.Va.Code, 29–12A–1, *et seq.,* as demonstrating the intent to limit the liability of political subdivisions in order to make the purchase of insurance more affordable to those entities and, thus, less costly for taxpayers.[9] Consequently, the defendant contends that the classification of minors enunciated in W.Va.Code, 29–12A–6, bears a rational relationship to a proper governmental purpose because it reduces the period of disability for minors, thus limiting the length of exposure to claims asserted by minors against a political subdivision.

The plaintiff, on the other hand, asserts that there is no rational basis for treating minors over ten differently than other minors, or for treating minors in actions against political subdivisions differently than minors in actions against other entities. Moreover, there is the obvious dichotomy of treatment of minors when compared to the treatment of those who suffer from insanity. This latter class of individuals still enjoy the broader tolling provisions of W.Va.Code, 55–2–15.

We note that other courts have addressed identical equal protection challenges to spe-

---

8. The United States Supreme Court in *Lyng v. International Union, United Automobile Aerospace and Agricultural Implement Workers of America,* 485 U.S. 360, 370, 108 S.Ct. 1184, 1192, 99 L.Ed.2d 380, 391 (1988), stated that the standard of review under the "rational basis" test

"is typically quite deferential; legislative classifications are 'presumed to be valid,' *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 314, 49 L.Ed.2d 520, [525,] 96 S.Ct. 2562 [2567] (1976), largely for the reason that 'the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one.' *Ibid.; see Dandridge v. Williams,* 397 U.S. 471, 485, 25 L.Ed.2d 491, [501–02,] 90 S.Ct. 1153 [1161–62] (1970)."

Nonetheless, the Supreme Court in *Reed v. Reed,* 404 U.S. 71, 75–76, 92 S.Ct. 251, 253–54, 30 L.Ed.2d 225, 229 (1971), also recognized:

"The Equal Protection Clause of [the Fourteenth Amendment to the United States Constitution] does ... deny to States the power to legislate that different treatment be accorded

to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' *Royster Guano Co. v. Virginia,* 253 U.S. 412, 415, 64 L.Ed. 989, 990, 40 S.Ct. 560 [561] (1920)."

9. W.Va.Code, 29–12A–2, outlines the legislative findings and in relevant part states:

"The Legislature finds and declares that the political subdivisions of this state are unable to procure adequate liability insurance coverage at a reasonable cost due to: The high cost in defending such claims, the risk of liability beyond the affordable coverage, and the inability of political subdivisions to raise sufficient revenues for the procurement of such coverage without reducing the quantity and quality of traditional governmental services."

cific statutes of limitations that bypass applicable savings statutes and require a minor to file suit during minority rather than after the age of majority. Most courts addressing such challenges have found that statutes of limitations restricting a minor's right to file suit prior to reaching the age of majority are violative of equal protection principles.

The Supreme Court of Ohio in *Schwan v. Riverside Methodist Hospital*, 6 Ohio St.3d 300, 452 N.E.2d 1337 (1983), addressed the constitutionality of a medical malpractice statute of limitations. The Ohio statute, Ohio R.C. 2305.11, limited medical malpractice claims to those filed within one year of the alleged malpractice. The statute provided that minors under the age of ten would have until their fourteenth birthday to file a claim, but minors over the age of ten would have only one year to file their claims.

The test employed by the Ohio court to determine whether the statute of limitations violated equal protection principles is the same used in this jurisdiction. The Ohio court stated: "Appellant properly asserts that equal protection analysis requires that we review [Ohio] R.C. 2305.11(B) according to the 'rational basis' test, because this case does not involve either a fundamental right or a suspect class." 6 Ohio St.3d at 301, 6 OBR at 363, 452 N.E.2d at 1338.

The Ohio court recognized the legitimate legislative purpose of the medical malpractice statute of limitations, and that, "the [legislature] often must draw lines in legislation[,]" but went on to find the statute irrational and unconstitutional because, "it is the age of majority which establishes the only *rational* distinction." 6 Ohio St.3d at 302, 6 OBR at 363, 452 N.E.2d at 1339. (Emphasis in original).

The reasons cited by the *Schwan* court for finding the statute of limitations applicable to minors irrational and, thus, an unconstitutional violation of equal protection principles, were as follows:

"Young people eagerly anticipate their legal 'adulthood.' At the age of majority, our society puts them on notice that they are assuming an array of rights and responsibilities which they never had before. Age ten, however, arrives with little fanfare. It is difficult to imagine that parents or guardians—much less the children themselves—would recognize that any change in status occurs on a child's tenth birthday." 6 Ohio St.3d at 302, 6 OBR at 363–364, 452 N.E.2d at 1339.

The Supreme Court of South Dakota in *Lyons v. Lederle Laboratories*, 440 N.W.2d 769 (S.D.1989), addressed its statute which limited medical malpractice claims by minors to a three-year statute of limitations, unless the claim arose prior to age six, in which case the minor would have until the age of eight to file the claim. Minors pursuing any other tort claims were given the benefit of a savings statute allowing them to initiate their claims at any time before they reached the age of nineteen. The court made this initial observation: "We fail to perceive any rational basis for assuming that medical malpractice claims will diminish simply by requiring that suits be instituted at an earlier date." 440 N.W.2d at 771–72. It then quoted the rationale of the Ohio Supreme Court in *Schwan* and found the different statutory classifications of minors to be "a classic example of arbitrariness[,]" and without rational relationship to a legitimate legislative purpose.[10] 440 N.W.2d at 771. Thus, the statute was found to violate constitutional equal protection rights.

A similar view was taken by the Supreme Court of New Hampshire in *Carson v. Maurer*, 120 N.H. 925, 424 A.2d 825 (1980), where that court addressed a medical malpractice statute of limitations reducing the time period for the filing of suits by minors.[11] The court noted that New Hampshire had a general savings statute for those under a disability, "the purpose of which is to protect minors and mental incompetents from the de-

---

10. The purpose of the separate medical malpractice statute of limitation "was to alleviate [a perceived medical malpractice] crisis and insure continued health care to citizens of [the] state." 440 N.W.2d at 771.

11. The New Hampshire statute stated, *inter alia,* that medical malpractice plaintiffs must bring their actions within two years of the alleged negligence, or, in the case of plaintiffs under the age of eight at the time of the alleged negligence, suit must be filed by the plaintiff's tenth birthday.

struction of their rights by the running of the statute of limitations." 120 N.H. at 936, 424 A.2d at 833. (Citations omitted). Without elaboration, the court tersely held: "The legislature may not, consistent with equal protection principles, deny only this class of medical malpractice plaintiffs the protection afforded all other persons by the savings statute." 120 N.H. at 936, 424 A.2d at 834. (Citation omitted).

Other jurisdictions have struck down similar statutes that shortened the tolling period for minors on different theories. For example, Missouri and Texas have utilized their constitutional provisions forbidding denial of access to the courts. *See Strahler v. St. Luke's Hosp.*, 706 S.W.2d 7 (Mo.1986); *Sax v. Votteler*, 648 S.W.2d 661 (Tex.1983).

The Supreme Court of Arizona in *Barrio v. San Manuel Division Hospital for Magma Copper Co.*, *supra*, recognized that a cause of action to recover damages is a fundamental right guaranteed by its constitution. According to the Arizona court, "Article 18, § 6, prohibits 'abrogation.' If the statute of limitations in question effectively abrogates the damage action, it is invalid under the constitution."[12] 143 Ariz. at 104, 692 P.2d at 283. At issue in *Barrio* was a statute that gave a three-year statute of limitations to minors in malpractice actions, except those minors under seven years of age whose three years only began to run when they reached age seven. It compared this restrictive statute with Arizona's saving statute which allowed the statute of limitations to start when a minor reached majority. The *Barrio* court held that the new limitation period was sufficiently harsh to abrogate the statute.

In a related context, we have declared unconstitutional a statute that limited tort claims against municipalities unless written notice was filed with the municipality within a prescribed period of time after the injury. Our decision in Syllabus Points 1 and 2 of *O'Neil v. City of Parkersburg*, 160 W.Va. 694, 237 S.E.2d 504 (1977), was reached on both due process and equal protection grounds. We affirmed *O'Neil's* Syllabus Points 1 and 2

in *LePon v. Tiano*, 181 W.Va. 185, 381 S.E.2d 384 (1989):

"1. 'A legislative act which arbitrarily establishes diverse treatment for the members of a natural class results in invidious discrimination and where such treatment or classification bears no reasonable relationship to the purpose of the act, such act violates the equal protection and due process clauses of our federal and state constitutions.' Syllabus Point 1, *O'Neil v. City of Parkersburg*, 160 W.Va. 694, 237 S.E.2d 504 (1977).

"2. 'The notice of claim provision provided for in *W.Va.Code*, 8–12–20, as enacted by the legislature in [1976], is violative of the equal protection and due process clauses of our state and federal constitutions and is unconstitutional.' Syllabus Point 2, as amended, *O'Neil v. City of Parkersburg*, 160 W.Va. 694, 237 S.E.2d 504 (1977)."

The New Mexico Court of Appeals in *Tafoya v. Doe*, 100 N.M. 328, 670 P.2d 582 (App. 1983), *cert. quashed sub nom.*, *Carrie Tingley Hospital v. Tafoya*, 100 N.M. 327, 670 P.2d 581 (1983), reached the same result on a notice of claim statute. Relying only on a due process analysis, it cited a number of cases reflecting "the view that one unable to comply with a notice requirement by reason of minority is protected by the reasonableness requirements of the common law, the Fourteenth Amendment to the United States Constitution, or similar provisions in their state constitutions." 100 N.M. at 332, 670 P.2d at 586, *citing City of Barnesville v. Powell*, 124 Ga.App. 132, 183 S.E.2d 55 (1971); *McDonald v. City of Spring Valley*, 285 Ill. 52, 120 N.E. 476 (1918); *Grubaugh v. City of St. John's*, 384 Mich. 165, 180 N.W.2d 778 (1970); *Lazich v. Belanger*, 111 Mont. 48, 105 P.2d 738 (1940); *Turner v. Staggs*, 89 Nev. 230, 510 P.2d 879 (1973); *McCrary v. City of Odessa*, 482 S.W.2d 151 (Tex.1972); *Hunter v. North Mason High School*, 12 Wash.App. 304, 529 P.2d 898 (1974), *aff'd*, 85

12. The court in *Barrio* quoted Section 6 of Article 18 of the Arizona Constitution as follows: " 'The right of action to recover damages for injury shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation.' " 143 Ariz. at 104, 692 P.2d at 283.

Wash.2d 810, 539 P.2d 845 (1975); *Cook v. State*, 83 Wash.2d 599, 521 P.2d 725 (1974).[13]

As earlier noted, the rational basis advanced for W.Va.Code, 29–12A–6, was to limit potential litigation and, thereby, to assist political subdivisions in obtaining affordable insurance. However, the initial and obvious flaw in this reasoning is that minors have been selected for this disparate and more severe treatment more so than others who are within their same class under W.Va. Code, 55–2–15, i.e., the insane. This disparity alone is irrational and violates equal protection principles that demand that those situated in the same class receive equal treatment.

However, even if the insane were included within W.Va.Code, 29–12A–6, we would still hold, as have other courts, that there is no rational basis for such disparate treatment of minors. Carving suits by infants against political subdivisions out of the general statutory tolling provisions can hardly be thought to substantially diminish the number of suits filed.

The law has traditionally recognized that an infant lacks the mental capacity to act intelligently with regard to his legal rights. Thus, we have promulgated Rule 17(c) of the West Virginia Rules of Civil Procedure that sets out how a suit may be brought on behalf of an infant. This procedure is drawn from statutory counterparts found in W.Va.Code, 56–4–9 and –10 (1923).

The general tolling statute in W.Va. Code, 55–2–15, as well as other similar statutes, such as the tolling provision in suits involving land [14] and bonds of fiduciaries,[15] is designed to extend the tolling period so that the rights of infants may be protected. However, these statutes also recognize that those who should act to protect an infant's rights may neglect to do so in a timely fashion. Therefore, these statutes allow an infant, upon reaching majority, to still have the benefit of the applicable statute of limitations period.

We are unwilling to find a rational basis for the legislative reduction of the tolling period for minors in this case. Their rights to file suit are entrusted to a parent or guardian, who may also be a minor, or who may be ignorant or unconcerned, and who, by inaction, could cause the minor to lose the right to file a claim. To require a child of tender years to seek out another adult to vindicate the claim would, in the words of the Missouri Supreme Court in *Strahler v. St. Luke's Hospital, supra,* "ignore the realities of the family unit and the limitations of youth." 706 S.W.2d at 10.[16]

Thus, W.Va.Code, 29–12A–6, violates the Equal Protection Clause found in Section X of Article III of the West Virginia Constitution to the extent that it denies to minors the benefit of the statute of limitations provided in the general tolling statute, W.Va.Code, 55–2–15.

Based upon the foregoing, the order of the Circuit Court of Kanawha County is reversed, and this case is remanded for further proceedings.

Reversed and remanded.

**13.** However, for the contrary view, see *Douglas v. Stallings*, 870 F.2d 1242 (7th Cir.1989), *Maine Medical Center v. Cote*, 577 A.2d 1173 (Me.1990) and *Halverson v. Tydrich*, 156 Wis.2d 202, 456 N.W.2d 852 (1990).

**14.** *See* W.Va.Code, 55–2–3 and –4 (1923).

**15.** *See* W.Va.Code, 55–2–7 (1972).

**16.** Although not before us in this case, we note that W.Va.Code, 55–7B–4(b), contains a tolling provision for minors identical to W.Va.Code, 29–12A–6(b), in regard to medical malpractice claims. We need not address the constitutionality of that provision at this time. We note that other jurisdictions have addressed this type of malpractice statute of limitations for minors and have held it to violate equal protection principles. *See Carson v. Maurer, supra; Schwan v. Riverside Methodist Hosp., supra; Lyons v. Lederle Lab., supra.*