STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

State of West Virginia,
Plaintiff Below, Respondent

**FILED**

February 11, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 12-0133 (Clay County 11-F-28)

Joshua Riffe,
Defendant Below, Petitioner

**MEMORANDUM DECISION**

Petitioner's appeal, by counsel Andrew Chattin, arises from the Circuit Court of Clay County, wherein he was sentenced to consecutive terms of two to ten years of incarceration for soliciting a minor via computer, not less than five years of incarceration for display to a minor of obscene matter, and not less than two years of incarceration for possession of material depicting minors engaged in sexually explicit conduct by order entered on October 18, 2011. The State, by counsel Michele Duncan Bishop, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following his entry of guilty pleas pursuant to a plea agreement, petitioner was sentenced in October of 2011 to two to ten years of incarceration for soliciting a minor via computer, not less than five years for display to a minor of obscene matter, and not less than two years for possession of material depicting minors engaged in sexually explicit conduct, said sentences to run consecutively. On appeal, petitioner alleges that the circuit court erred in sentencing him before he and his counsel could adequately review the presentence investigation report, and also in denying him home confinement or concurrent sentencing. Petitioner also alleges that the circuit court erred by relying upon factually inaccurate information and further took his sexual orientation into account in denying leniency.

In response, the State argues that petitioner waived any alleged error in regard to the presentence investigation report by failing to object to it at the sentencing hearing. The State also argues that there is no evidence showing an abuse of discretion in denying alternative sentencing, and that the circuit court correctly considered petitioner's failure to accept responsibility for his crimes in determining his sentence. Lastly, the State argues that petitioner puts forth no evidence that the circuit court considered petitioner's sexual orientation as a factor in sentencing.

1

"'The Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syl. Pt. 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 1, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). To begin, the Court declines to review petitioner's argument regarding the amount of time he had to review the presentence investigation report. We have previously held that "when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal." *Whitlow v. Bd. of Edu. of Kanawha Cnty.*, 190 W.Va. 223, 226, 438 S.E.2d 12, 18 (1993). The record shows that petitioner failed to object to the report in any way during the sentencing hearing. Further, although petitioner alleges he did not have an opportunity to adequately review the report with his counsel, the record shows that his counsel actually offered one modification that was accepted by the circuit court. Finally, although he alleges prejudice, petitioner points to no inaccuracies or other issues with the information contained therein.

In regard to petitioner's remaining assignments of error, the Court notes that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syllabus point 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 6, *State v. Slater*, 222 W.Va. 499, 665 S.E.2d 674 (2008). Petitioner admits that the sentences at issue do not exceed those set forth in the applicable statutes, and the Court finds no error in the circuit court sentencing petitioner to consecutive terms of incarceration instead of concurrent terms or probation. Further, review of the record shows that the circuit court did not base the sentence on any impermissible factors. While petitioner alleges that the circuit court relied on factually inaccurate information, namely that petitioner had failed to accept responsibility for his crimes, the record shows that petitioner's statements about his crime conflict with the victim's statement. Further, while the circuit court did mention petitioner's sexual orientation by way of reading extensively from the information contained in the presentence investigation report, petitioner cites to no evidence that the circuit court relied upon his sexual orientation in rendering its sentence.

For the foregoing reasons, the circuit court's sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: February 11, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II