# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joseph Brown,**
**Petitioner Below, Petitioner**

**FILED**

November 26, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-1245** (Summers County 11-C-06)

**Jim Rubenstein, Commissioner, West Virginia**
**Department of Corrections, Respondent Below,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Joseph Brown's appeal, filed by counsel Duane C. Rosenlieb Jr., arises from the Circuit Court of Summers County, which denied petitioner post-conviction habeas corpus relief by order entered on September 7, 2012. Respondent Jim Rubsenstein, Commissioner, by counsel Scott E. Johnson, filed a response. On appeal, petitioner argues that he received ineffective assistance of counsel at sentencing and that the prosecuting attorney breached his plea agreement.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2009, petitioner was indicted on two counts of first degree arson under West Virginia Code § 61-3-1. In October of 2009, petitioner pled guilty to one count of first degree arson. The record provides that prior to petitioner's plea, he and the State entered into an agreement that provided that the State would grant immunity to petitioner from prosecution for any other alleged arsons he committed. A copy of the plea hearing transcript provides that the State expressed to the circuit court that, as part of this plea agreement, it would prosecute petitioner for only one arson charge and that it reserved the right to speak at sentencing, neither of which petitioner disputed.

At petitioner's sentencing hearing in December of 2009, the circuit court concluded, "[I]t'll be the order and judgment of the [c]ourt that any type of leniency or probation be denied[,] that [petitioner] be sentenced to the penitentiary of this State for an indeterminate period of two to twenty years . . . ." However, when the circuit court entered and filed petitioner's sentencing order on December 11, 2009, it stated the following: "It is therefore the ORDER of this [court] that [petitioner] be sentenced to the Penitentiary of this State for a period of twenty (20) years." Petitioner filed a motion for correction of sentence in March of 2010, which the circuit court denied. Petitioner's petition for writ of habeas corpus followed a year

1

later. After holding an omnibus evidentiary hearing, the circuit court denied the petition for post-conviction habeas corpus relief by order entered in September of 2012. Petitioner now appeals this order.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

Petitioner raises similar arguments on appeal as he raised in circuit court. First, petitioner argues that he was denied effective assistance of counsel because his counsel did not take a more proactive role in properly advising and representing him during the plea agreement negotiations and the plea and sentencing hearings. Petitioner asserts that his counsel did nothing to correct the circuit court after it entered the sentencing order, nor did he make proper pre-trial motions. Second, petitioner argues that the prosecuting attorney breached the plea agreement by using petitioner's statement about his involvement in unsolved arson fires against him in order to argue that petitioner receive the maximum sentence, even though she had offered to give petitioner "immunity" for his assistance to the State.

Upon our review of the record and the briefs on appeal, we find that the circuit court did not err or abuse its discretion in finding that petitioner's trial counsel was not ineffective. We bear in mind the following:

> In the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Our review of the record included a review of a transcript of the deposition taken of petitioner's trial counsel as part of the habeas corpus proceedings. Petitioner's trial counsel testified that, prior to petitioner's plea hearing, he explained to petitioner the range in sentences for arson, which included the possibility of receiving the maximum sentence of twenty years in prison. Petitioner's trial counsel also testified that he explained to petitioner that he felt that if he pled guilty, the circuit court would give him the maximum of twenty years. Petitioner offers no other evidence to dispute this statement. We also find no merit in petitioner's assertion that his trial counsel failed to make any inquiry about the sentencing order or file anything to protest the order. The circuit

court's order denying habeas relief found that after the sentencing order was issued, a motion for correction of sentence was timely filed on petitioner's behalf. In this motion, petitioner's counsel argued that the circuit court incorrectly sentenced petitioner to twenty years in prison after stating at the sentencing hearing that petitioner was ordered to serve two to twenty years in prison. The circuit court denied this motion, after which petitioner filed an appeal to this Court. Under the circumstances, petitioner has failed to show how his trial counsel's performance was deficient under an objective standard of reasonableness.[1]

We also find no error with regard to petitioner's other claims of ineffective assistance of counsel that his trial counsel failed to file pre-trial discovery motions, move to suppress petitioner's statement to the police, or indicate to the circuit court that there might be a need to have petitioner evaluated by a psychiatrist. For instance, petitioner asserts that his counsel should have moved to suppress a statement petitioner made to the police. Furthermore, given petitioner's statements at sentencing about being a "pyromaniac" who needed help, trial counsel should have sought an evaluation from a psychiatrist for petitioner. The record does not indicate that petitioner raised these arguments before the circuit court and, therefore, we decline to analyze and discuss them. We generally do not consider issues that have been raised for the first time on appeal that were not decided in circuit court. *See Whitlow v. Bd. of Educ. Of Kanawha Cnty.*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993). However, even if these arguments were reviewable on appeal, petitioner has not presented evidence as to how there would be a reasonable probability that, but for his trial counsel's alleged errors, the result of petitioner's criminal proceedings would have been different.

In regard to petitioner's argument that the State wrongfully used his statement regarding other fires, the record includes the handwritten copy of the "immunity" agreement the State made with petitioner. It states, simply, "The State agrees to give Joseph Michael Brown immunity from prosecution for any fires he implicates himself in during an interview with the prosecuting State Police and Fire Marshal[l]s." A copy of petitioner's plea hearing transcript provides that the State prosecuting attorney stated that, as part of their plea agreement, it would dismiss petitioner's other arson charge, that it reserved the right to speak at sentencing, and that there was no agreement as to sentencing. Petitioner agreed to this arrangement. The State did not indict petitioner for any other arson charges, and petitioner's sentence for his sole arson conviction was within the confines of West Virginia Code § 61-3-1. Therefore, we find that this assignment of error lacks merit.

For the foregoing reasons, we affirm.

Affirmed.

---

[1] The circuit court's order also provides that petitioner filed a motion to reduce his sentence after this Court issued its mandate denying petitioner's direct appeal. The order further notes that this motion is still pending in circuit court.

**ISSUED:** November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II