# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 14-1036** (Monongalia County 09-F-190)

**William Nicholson, Defendant Below,
Petitioner**

**FILED**

June 15, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William Nicholson, by counsel Scott Shough, appeals the Circuit Court of Monongalia County's September 5, 2014, order resentencing petitioner to two consecutive terms of incarceration of five to fifteen years for two counts of incest. The State of West Virginia, by counsel Derek Knopp, filed a response. On appeal, petitioner argues the circuit court erred in finding that his guilty plea was entered intelligently, knowingly, and voluntarily.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2009, a Monongalia County Grand Jury indicted petitioner on three counts of incest and one count of sexual abuse by a custodian of a child. In July of 2009, petitioner pled guilty by information to two counts of incest, in violation of West Virginia Code § 61-8-12. In exchange for his guilty plea, the State dismissed the remaining counts. In September of 2009, the circuit court sentenced petitioner to two consecutive terms of incarceration of five to fifteen years. Furthermore, the circuit court sentenced petitioner to twenty years of supervised release upon expiration of his prison sentence. Thereafter, the circuit court resentenced petitioner for the purpose of a filing a petition for appeal. It is from this order that petitioner now appeals.

On appeal, petitioner argues that he did not intelligently, knowingly, and voluntarily enter his guilty plea because he was not informed that as part of his plea agreement, he was required to serve a period of supervised release upon completion of his prison sentence. Upon review of the appendix record, it is clear that during the sentencing hearing the circuit court informed petitioner that, in addition to his sentences for two counts of incest, that he was also sentenced to twenty years of supervised release following his release from the penitentiary. Furthermore, it is clear that petitioner never brought this issue to the circuit court's attention or otherwise objected to his sentence, which included a period of supervised release. We have previously held that our "general rule is that nonjurisdictional questions not raised at the circuit court level will not be

1

considered to the first time on appeal." *State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) (citing *Whitlow v. Bd. of Educ. of Kanawha County*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993)). Because petitioner failed to raise this issue below, the Court declines to consider the same on appeal.

For the foregoing reasons, the circuit court's September 5, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: June 15, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis