# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

Rebecca C. Wildman Bailey,
Gary D. Hennis, Russell I. Hennis,
and Franclena R. Hennis,
Defendants Below, Petitioners

**FILED**

**February 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) No. 17-0122 (Tyler County 16-C-3)

JB Exploration I, LLC, and
Nancy Fout,
Plaintiffs Below, Respondents

## MEMORANDUM DECISION

Petitioners Rebecca C. Wildman Bailey, Gary D. Hennis, Russell I. Hennis, and Franclena R. Harris, by counsel William E. Ford III and Lisa Furbee Ford, appeal the order of the Circuit Court of Tyler County, entered on November 2, 2016, that granted respondents' motion for the partial allotment and residue sale of unleased oil and gas. Respondents JB Exploration I, LLC ("JB Exploration") and Nancy Fout ("Ms. Fout") appear by counsel Thomas J. Gillooly and William Crichton V.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Fout and JB Exploration instituted this action with a complaint to quiet title and make allotment concerning the oil and gas (of which Ms. Fout and nearly 100 named defendants, including petitioners, were believed to own separate interests) underlying a 12.7-acre land tract. Respondent JB Exploration was the lessee of 69.651261% of the oil and gas, but was unsuccessful in its attempt to lease the remainder. Ms. Fout, a lessor, owns the largest undivided interest in the oil and gas.

Ms. Fout and JB Exploration filed a motion for partial allotment and residue sale of the unleased oil and gas. Petitioners opposed the motion, asserting their belief, based on JB Exploration's dealings with Petitioner Bailey in prior, unrelated partition lawsuits, that JB Exploration has "unclean hands" in this matter. The circuit court appointed a guardian ad litem to protect the interests of unknown owners, and conducted a hearing on the motion for partial allotment and residue sale. At the hearing, petitioners requested discovery to explore the allegation that JB Exploration dealt unfairly with owners of unleased interests. The court noted

1

that petitioners had already served discovery, which was the subject of a motion for a protective order on the ground that the discovery requests were unrelated to the instant partition sale.

The circuit court entered an order granting the motion for partial allotment and residue sale on November 2, 2016. The court ordered a sale, at public auction, of the interests that had not been leased to JB Exploration, requiring a minimum bid of $5,000 per net acre. The auction was conducted in December of 2017. By that time 18.935438% (or 2.404 net acres) remained unleased. Jay-Bee Royalty, LLC successfully bid on the interests, at $5,000 per acre, and the circuit court confirmed the sale by order entered on January 5, 2017.

On appeal, petitioners assert three assignments of error. They argue, first, that the circuit court misapplied West Virginia Code Chapter 37, Article 4 by allowing a mineral lessor to compel partition, ordering a "partial" allotment and sale, forcing a sale without the appropriate notice to all owners, and requiring "no evidence" to support the action. Petitioners argue, second, that the circuit court erred in granting summary judgment after denying their motion for discovery. They argue, third, that the circuit court effectively permitted the "taking" of private property without due process of law in violation of the state and federal constitutions. Insofar as petitioners challenge the circuit court's rulings concerning application of law regarding partition, we previously have held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). *Accord* Syl. pt. 1, *Appalachian Power Co. v. State Tax Dep't of W.Va.*, 195 W.Va. 573, 466 S.E.2d 424 (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review.").

We begin with petitioners' first assignment of error, in which they argue that the circuit court's order approving partial allotment and residue sale violated statutory law. We agree with respondents that Ms. Fout is entitled to compel partition under West Virginia Code § 37-4-1 and that petitioners, having failed to challenge her standing below, may not do so now. Our general rule is that nonjurisdictional questions not raised at the circuit court level, but raised for the first time on appeal, will not be considered. *Whitlow v. Bd. of Educ. of Kanawha Cty.*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993). With regard to the second point that petitioners offer on this assignment of error (that the statute does not provide for "partial" allotment and sale), we note that the circuit court based its order on West Virginia Code § 37-4-3, which specifically provides, in relevant part, for the "allotment of part and sale of the residue" if other interested persons are not prejudiced. The circuit court concluded there was no prejudice to the parties, and petitioners have offered no evidence to the contrary. The circuit court thus did not err in approving a partial allotment and residue sale.

Petitioners' remaining points in support of the first assignment of error—that the circuit court forced a sale without the appropriate notice to all owners and that it granted the motion for partial allotment and sale of the residue without evidence—intersects with the second assignment of error, wherein petitioners argue that the circuit court erred in granting summary judgment after denying petitioners' motion for discovery. These points are based on petitioners' assertions that JB Exploration agents affirmed that they notified all interested persons of its intent to seek

partition, though they had not, in fact, done so.[1] Petitioners' assertions, in turn, are based on their stated belief that JB Exploration acted with "unclean hands" in prior partition actions, and that JB Exploration agents stated that JB Exploration served its complaint on parties at addresses "if known." However, upon hearing from the guardian ad litem and upon reviewing the affidavits of JB Exploration agents, the circuit court found that respondent made "good faith efforts . . . to ascertain the ownership of the oil and gas interests which are the subject of this action" and further found "that the partial allotment and residue sale of the minerals at issue will not prejudice any or all unknown, infant, un-locatable and/or legally disabled [d]efendants." Petitioners have offered no evidence countering the circuit court's detailed finding. Furthermore, no evidence that petitioners may have developed regarding JB Exploration's conduct in other, unrelated cases would overcome the specific findings that the circuit court made with regard to the case now before us. We therefore find no error.

Finally, we reach petitioners' third assignment of error, wherein they argue that the circuit court's order amounts to an unconstitutional "taking" of property. Petitioners argue that this case is analogous to an eminent domain proceeding. It is not. "Eminent domain is the power of the State to take or damage private property for a public purpose upon payment of just compensation. The right of the State to take private property for public purposes 'is an inherent attribute of sovereignty, irrespective of any constitutional or statutory provision.'" *Gomez v. Kanawha Cty. Comm'n*, 237 W. Va. 451, 459, 787 S.E.2d 904, 912 (2016). What is now before us, on the other hand, is a statutory partition action. Inasmuch as petitioners offer no authority that a constitutional violation occurs when non-governmental parties seek allotment and sale, and notice is provided, and where adequate compensation is made, we find no error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 9, 2018

**CONCURRED IN BY:**

Chief Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis

---

[1] Petitioners' challenge goes directly to the unsupported assertion that respondents may not have provided notice by certified mail to all defendants. It is undisputed, however, that notice was published in the Tyler Star News for three successive weeks in the winter of 2016.