# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **A.L.**

**No.) 17-0573** (Fayette County 16-JA-04)

**FILED**

**March 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father G.W., by counsel Marc A. Moore, appeals the Circuit Court of Fayette County's May 23, 2017, order terminating his parental rights to A.L.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Allison R. Taylor, filed a response on behalf of the child in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in (1) finding that the stipulated admissions met the requirements for adjudication, (2) granting petitioner's counsel's motion to withdraw at the onset of the dispositional hearing and proceeding with the dispositional hearing after counsel withdrew, and (3) finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court affirms the circuit court's adjudication of petitioner, but vacates the circuit court's May 23, 2017, dispositional order and remands the case to the circuit court for the appointment of counsel for petitioner and the holding of a dispositional hearing. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure, and a memorandum decision is appropriate to resolve the issues presented.

On January 29, 2016, the DHHR filed an abuse and neglect petition alleging the child, who lived with the mother and her ex-husband, was abused and/or neglected due to substance abuse, domestic violence, and exposure to a methamphetamine laboratory, among other

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]On appeal, petitioner raises multiple assignments of error regarding his counsel's withdrawal and the circuit court's decision to proceed with the dispositional hearing when petitioner was not represented by counsel. We address the arguments together.

allegations. As to petitioner, the DHHR alleged that the circumstances of his care posed an imminent danger to the child's physical well-being. Petitioner was appointed an attorney and later waived the preliminary hearing.

On April 12, 2016, the DHHR filed an amended petition alleging that petitioner missed a visit with the child on March 18, 2016, and that the child reported to the guardian that he had not seen petitioner in years "until the last year or so." The amended petition also alleged that the child exhibited signs of severe emotional distress. On April 19, 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to neglecting the child and that the child's physical and/or mental health was threatened by his inability to supply the child with a stable and healthy environment. Petitioner moved for a post-adjudicatory improvement period, which the circuit court denied. The circuit court entered an order on June 1, 2016, adjudicating petitioner as an abusing parent.

The dispositional hearing was scheduled for June 2, 2016. However, at this hearing, the circuit court granted petitioner a post-adjudicatory improvement period. Pursuant to the terms and conditions of the improvement period, petitioner was required to follow any and all recommendations of the DHHR, sever all connections with the mother, fully participate in all visitation opportunities with the child, fully comply with all requests for information by the DHHR and the guardian, and submit to random drug screens as requested by the DHHR and the guardian.

On September 23, 2016, the guardian filed a motion to terminate petitioner's post-adjudicatory improvement period and his parental rights. The guardian argued in her motion that petitioner failed to comply with the terms and conditions of his post-adjudicatory improvement period due to contact with the child's mother. One week prior to the scheduled dispositional hearing, petitioner's counsel sought to withdraw from representation of petitioner based upon an alleged inability to have a productive attorney/client relationship due to petitioner's repeated refusal to follow counsel's legal advice and petitioner's insistence upon taking action in which counsel could not, in good faith, participate.

On May 4, 2017, the circuit court held a dispositional hearing. At the outset of the hearing, the circuit court granted petitioner's counsel's motion to withdraw upon finding that the attorney/client relationship had been broken to the point that counsel could not proceed and that petitioner "is without counsel due to his own fault in refusing to take the advice of counsel." Petitioner voiced his concerns about continuing with the dispositional hearing without counsel. Further, petitioner did not indicate that he wished to represent himself. The circuit court proceeded to hear testimony and took judicial notice of prior testimony. Petitioner addressed the court and advised that he wanted custody of his child. He further denied all the allegations in the CPS worker's testimony. Ultimately, the circuit court terminated petitioner's parental rights in its May 23, 2017, order.[3] It is from the dispositional order that petitioner appeals.

---

[3]The mother voluntarily relinquished her parental rights to the child in 2016. According to the DHHR and the guardian, the child is currently placed in a group home and behavioral health facility in Fayetteville, West Virginia. The permanency plan is adoption.

2

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in finding that his stipulated admissions were sufficient to uphold his adjudication because the description of his actions was "inadequately vague" and the written stipulation failed to conform with the requirements of Rule 26(a) of the Rules of Procedure for Child Abuse and Neglect Proceedings. However, the Court finds that petitioner is not entitled to challenge the sufficiency of his adjudication on appeal because he stipulated to the same. We have long held that, "when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal." *Whitlow v. Bd. of Educ. of Kanawha Cty.,* 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993). We decline to address this argument as it is clear from the record in this matter that petitioner voluntarily stipulated to the adjudication against him. Accordingly, we find that the circuit court did not err in adjudicating petitioner as an abusing parent.

Next, petitioner argues that the circuit court erred in not appointing him counsel at every stage of the abuse and neglect proceedings, in granting counsel's motion to withdraw at the outset of the dispositional hearing, and in proceeding with the dispositional hearing absent appointed counsel. We agree.

We have previously held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009). Here, petitioner was represented by counsel throughout the proceedings, with the exception of the dispositional hearing. Approximately one week before the dispositional hearing, petitioner's counsel filed a motion to withdraw, which the circuit court granted at the beginning of the dispositional hearing. The circuit court based this ruling, in part, upon a finding that because counsel felt that he could not advocate for petitioner in good faith, "[counsel's] professional reputation and [his] license to practice law in the state of West Virginia is far more valuable to [him] than a few dollars in this case." As a result, petitioner was left without representation at disposition. Petitioner did not have an opportunity to retain new counsel before the circuit court proceeded with the dispositional hearing and there is no indication in the record that petitioner waived his right to counsel or agreed to continue pro se. Accordingly, the circuit court clearly disregarded West Virginia Code § 49-4-601(f)(1), which provides that a parent in an abuse and neglect case has the right to be represented by counsel at every stage of the proceedings. Moreover, "[i]n child neglect proceedings which may result in the termination of parental rights to the custody of natural children, indigent parents are entitled to the assistance of counsel because of the requirements of the Due Process clauses of the West Virginia and United States Constitutions." Syl. Pt. 1, *State ex rel. Lemaster v. Oakley*, 157 W.Va. 590, 203 S.E.2d 140 (1974). We find that the circuit court erred in granting counsel's motion to withdraw without continuing the dispositional hearing to appoint new counsel for petitioner.

Finally, petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Because the dispositional order containing this finding is being vacated and the abuse and neglect proceedings remanded, it is unnecessary to address petitioner's assignment of error regarding the circuit court's findings at the dispositional hearing. We remand this case to the circuit court for the appointment of counsel for petitioner and direct the circuit court to hold a dispositional hearing as expeditiously as possible.

For the foregoing reasons we vacate the circuit court's May 23, 2017, dispositional order and remand the matter, with instructions for the circuit court to appoint counsel to represent petitioner at the dispositional hearing.

Affirmed, in part, and vacated and remanded, in part.

**ISSUED**: March 12, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

4