**STATE OF WEST VIRGINIA**

**David Dempster and**
**Sara Arditti,**
**Plaintiffs Below, Petitioners**

vs.)  No. 19-0555 (Jefferson County CC-19-2015-C-206)

**AAAA Self Storage & Moving and**
**AAAA Self Storage Management Group,**
**Defendants Below, Respondents**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners David Dempster and Sara Arditti, by counsel Christian J. Riddell, appeal the order of the Circuit Court of Jefferson County, entered on May 15, 2019, that compels arbitration and dismisses Mr. Dempster's and Ms. Arditti's complaint for claims arising out of a storage unit lease agreement, and the circuit court's order, also entered on May 15, 2019, denying Mr. Dempster's and Ms. Arditti's motion to alter or amend judgment pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure. Respondents AAAA Self Storage & Moving and AAAA Self Storage Management Group (collectively, "AAAA") appear by counsel Kevin Ward and P. Joseph Craycraft.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Dempster and Ms. Arditti leased a storage unit from Charles Town Self Storage, LLC in 2011. The rental agreement that Ms. Arditti signed contained a clause under which Mr. Dempster and Ms. Arditti agreed that any dispute brought by them against "the [o]wner" would be submitted to binding arbitration.[1] The agreement also contained a clause binding the parties'

---

[1] Though this clause is specific to disputes brought by the tenants against the owner, and not vice versa, Mr. Dempster and Ms. Arditti have not argued that its unilateral nature creates unconscionability in the contract.

1

successors, representatives, and assigns to the agreement. While this rental agreement remained in effect, Charles Town Self Storage entered into a separate agreement with AAAA under which AAAA acted as Charles Town Self Storage's managerial agent.

Later, in August of 2015, Mr. Dempster and Ms. Arditti filed a complaint in the Circuit Court of Jefferson County, asserting that AAAA auctioned the contents of their storage unit without exercising due diligence to collect outstanding rental fees. After several years of litigation, AAAA filed a motion to dismiss the complaint and compel arbitration.[2] Mr. Dempster and Ms. Arditti opposed the motion on the ground that Charles Town Self Storage remained the owner, despite its delegation of the managerial function to AAAA, and the arbitration agreement only applies to disputes against the owner. The circuit court conducted a hearing and ultimately ordered the complaint dismissed and the claims referred to arbitration. Mr. Dempster and Ms. Arditti filed a motion to alter or amend judgment, which circuit court denied.

On appeal, Mr. Dempster and Ms. Arditti assert two assignments of error: first, that the circuit court erred in enforcing the arbitration clause as requested by AAAA and, second, that the circuit court erred in denying Mr. Dempster's and Ms. Arditti's motion to alter or amend its judgment. Our review of the circuit court order dismissing the complaint is de novo (Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc*., 194 W. Va. 770, 461 S.E.2d 516 (1995)), and we apply the same standard of review to the circuit court's order denying the motion to alter or amend judgment (*see* Syl. Pt. 1, *Wickland v. Am. Travellers Life Ins. Co*., 204 W. Va. 430, 513 S.E.2d 657 (1998)("The standard of review applicable to an appeal from a motion to alter or amend a judgment, made pursuant to W. Va. R. Civ. P. 59(e), is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed.")).

Mr. Dempster and Ms. Arditti rest on the argument that AAAA is not the "owner" identified in the arbitration clause, while largely ignoring the agency clause that makes the entire agreement binding on Charles Town Self Storage's "heirs, successors, personal representatives and assigns." The agreement between AAAA and Charles Town Self Storage shows that the duties assumed by AAAA—including signing, renewing, and canceling leases; collecting rents; terminating tenancies; evicting tenants; prosecuting actions; and "sign[ing] and serv[ing] in the name of [the o]wner"—are such that AAAA acts as a personal representative standing in the place of Charles Town Self Storage. The lease agreement signed by Ms. Arditti clearly stated that Charles Town Self Storage's personal representatives would receive the benefits set forth in the agreement, and the arbitration clause is not excluded. Mr. Dempster and Ms. Arditti have neither asserted facts suggesting that AAAA acted outside the scope of its agency role nor offered legal authority precluding the assignment of the arbitration benefit under the present circumstances. We find, therefore, that the circuit court did not err.

---

[2] In their reply brief, Ms. Arditti and Mr. Dempster suggest that AAAA waived its right to demand arbitration by allowing litigation to continue for years before filing the motion to compel arbitration. They do not, however, demonstrate that they raised this issue with the circuit court. Generally, nonjurisdictional questions raised for the first time on appeal will not be considered. *Whitlow v. Bd. of Educ. of Kanawha Cty.,* 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993). The question of waiver is thus not before us.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:**   July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

3