# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below, Respondent**

**vs) No. 13-1073** (Kanawha County 09-F-524)

**John Matthew Harris, Defendant Below, Petitioner**

**FILED**

September 22, 2014

**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

*Pro se* petitioner John Matthew Harris appeals the Circuit Court of Kanawha County's October 15, 2013, order denying his motion for reduction of sentence made pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The State, by counsel Julie A. Warren, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his motion because his co-defendant received a more lenient sentence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2010, petitioner pled guilty to eight counts of daytime burglary by breaking and entering in violation of West Virginia Code § 61-3-11. Thereafter, in April of 2010, petitioner was sentenced to an indeterminate term of incarceration of one to fifteen years for each count, said sentences to run consecutively. The sentencing order was entered on May 19, 2010. In August of 2010, petitioner, by counsel, filed a motion for reduction of sentence, which the circuit court denied by order entered on August 24, 2010.

Following his incarceration, petitioner has filed multiple pro se motions for a reduction of sentence under Rule 35 of the West Virginia Rules of Criminal Procedure, all of which the circuit court has denied. Most recently, petitioner filed a pro se motion for reduction of sentence that the circuit court denied by order entered on October 15, 2013. It is from this order that petitioner appeals.

In regard to motions made pursuant to Rule 35(b), we have previously held that

> "[i]n reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules

1

of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no abuse of discretion in the circuit court's denial of petitioner's motion. In support of his assignment of error, petitioner simply asserts that his co-defendant received a more lenient sentence. However, the record shows that petitioner did not raise this argument in his most recent motion for reduction of sentence, instead arguing below that he has taken classes while incarcerated and would have support of family and friends upon his release. We have previously held that "'nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal.' *Whitlow v. Bd. of Educ. of Kanawha County*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993)." *State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009). As such, the Court declines to consider petitioner's argument on appeal, as the same was not raised in the circuit court below.

Further, it is clear that petitioner's motion for reduction of sentence was untimely. According to West Virginia Rule of Criminal Procedure 35(b), "[a] motion to reduce a sentence may be made, or the court may reduce a sentence without motion within 120 days after the sentence is imposed or probation is revoked . . . ." Petitioner filed his most recent motion for reduction of sentence on September 19, 2013, approximately three years after his sentence was imposed and well outside the 120 day time frame for the filing of such motions. As such, the Court finds no error in the circuit court's order denying petitioner's motion for reduction of sentence.

For the foregoing reasons, the circuit court's October 15, 2013, order denying petitioner's motion is hereby affirmed.

Affirmed.

**ISSUED**: September 22, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II