# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 13-1071** (Greenbrier County 11-F-133)

**Daniel Boone, Defendant Below,
Petitioner**

**FILED**

October 20, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Daniel Boone, by counsel Kevin Mills, appeals the Circuit Court of Greenbrier County's September 18, 2013, order that denied his motion for reduction of sentence. The State, by counsel Laura Young, filed a response, to which petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in denying his motion because he was being illegally held in a regional jail facility and that he received ineffective assistance of counsel during the underlying proceedings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2012, petitioner pled guilty to one count of malicious assault in violation of West Virginia Code § 61-2-9(a), and was placed on home incarceration as a condition of his bond pending sentencing. The following month, the State filed a motion to revoke petitioner's bond after he tested positive for alcohol and a home incarceration officer located a firearm in petitioner's house. Thereafter, in December of 2012, petitioner was sentenced to prison for two to ten years.

In March of 2013, petitioner filed a motion for reduction of sentence pursuant to Rule 35 of the West Virginia Rules of Criminal Procedure. Following a hearing on, the circuit court denied petitioner's motion by order entered on September 18, 2013.[1]

---

[1]The circuit court entered the order *nunc pro tunc* to April 1, 2013. Prior to the entry of the circuit court's order on petitioner's motion, he hired new counsel. On August 7, 2013, petitioner's new counsel filed a second Rule 35 motion, "[Petitioner's] Motion for New Rule 35 Motion Hearing for Modification of Sentence." It is noted that the circuit court has not ruled on petitioner's second motion.

1

With regard to motions made pursuant to Rule 35(b), this Court reviews a circuit court's order under the following standard of review:

> "in reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 1, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

On appeal, petitioner argues that the circuit court erred in denying his Rule 35 motion because he received ineffective assistance of counsel[2] during the underlying proceedings and was being illegally held in a regional jail facility[3] that did not provide proper rehabilitation programs. The record on appeal shows that petitioner did not raise these arguments in his first Rule 35 motion filed in March of 2013. Instead, he argued that after spending several weeks in jail, he should have been returned to home incarceration because he had a better understanding of his criminal conduct. We have previously held that "'nonjurisdictional questions not raised at the circuit court level will not be considered for the first time on appeal.' *Whitlow v. Bd. of Educ. of Kanawha County*, 190 W.Va. 223, 226, 438 S.E.2d 15, 18 (1993)." *State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009).

For the foregoing reasons, the circuit court's September 18, 2013, order denying petitioner's motion is hereby affirmed.

---

[2]We do not have the necessary record, including testimony from defense counsel, to review claims of ineffective assistance of counsel. Due to the lack of a sufficient record, "it is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal." *State v. Miller*, 194 W.Va. 3, 14, 459 S.E.2d 114, 125 (1995) (quoting *State v. Triplett*, 187 W.Va. 760, 771, 421 S.E.2d 511, 522 (1992)). Therefore, we decline to address this assignment of error. If he chooses to do so, petitioner may assert ineffective assistance of counsel in a petition for writ of habeas corpus. *See* Syl. Pt. 4, *State v. Frye*, 221 W.Va. 154, 650 S.E.2d 574 (2006) (holding that where the decision on direct appeal does not contain any ruling on the merits of an ineffective assistance of counsel claim, an incarcerated individual is not prohibited from seeking habeas relief on the issue).

[3]Petitioner's argument regarding this assignment of error is moot because he obtained the relief he sought. Petitioner is currently being held at the Huttonsville Correctional Center. This Court long ago held that "[m]oot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court." Syl. Pt. 1, *State ex rel. Lilly v. Carter*, 63 W.Va. 684, 60 S.E. 873 (1908).

Affirmed.

**ISSUED**: October 20, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II