# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs.)  No. 19-0231** (Berkeley County 18-F-205)

**Joseph Shumaker,**
**Defendant Below, Petitioner**

**FILED**
**May 26, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Joseph Shumaker, by counsel B. Craig Manford, appeals the order of the Circuit Court of Berkeley County, entered on February 14, 2019, sentencing him to a term of incarceration for a period of one to five years in the West Virginia State Penitentiary upon his discharge from the Anthony Center for Youthful Offenders for unfit behavior. Respondent State of West Virginia appears by counsel Patrick Morissey and Scott E. Johnson.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Shumaker pled guilty in the Circuit Court of Berkeley County in October of 2018, to unlawful wounding in violation of West Virginia Code § 61-2-9(a), related to his arrest the prior year for his use of a handgun during a drunken altercation. Upon receiving Mr. Shumaker's plea, the circuit court deferred sentencing and placed him in the custody of the Anthony Center for Youthful Offenders.

The following month, Mr. Shumaker was terminated from the Anthony Center program for engaging in two fights with other offenders. The circuit court conducted a sentencing hearing to address the expulsion in February of 2019. Though Mr. Shumaker requested that he be sentenced to a day report program, the circuit court sentenced Mr. Shumaker to a term of imprisonment for one to five years in the West Virginia State Penitentiary.

On appeal, Mr. Shumaker asserts one assignment of error. He argues that the circuit court erred in imposing a penitentiary sentence rather than granting his request for an alternative sentence. More particularly, Mr. Shumaker argues that he was defending himself in his second Anthony Center fight, and the circuit court therefore relied on an "impermissible factor" when it sentenced him. We "review[] sentencing orders . . . under a deferential abuse of discretion standard,

1

unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). In addition, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

There is no evidence before us supporting Mr. Shumaker's assertion that he acted in self-defense when fighting at the Anthony Center, or that he was unable to walk away from conflict. To the extent that Mr. Shumaker argues that the circuit court failed to compel witness testimony on his behalf, we find that he did not seek such relief from the court. This Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered for the first time on appeal. *Whitlow v. Bd. of Educ. of Kanawha Cty.*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993). Having been presented with no reason to depart from this rule, we find that the circuit court did not abuse its discretion in sentencing Mr. Shumaker.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 26, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**NOT PARTICIPATING:**

Justice Margaret L. Workman