# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**December 6, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**FERNANDO M. SMITH**
**and JAMIE E. CRABTREE,**
**Plaintiffs Below, Petitioners**

**v.) No. 24-ICA-26**    (Cir. Ct. Mineral Cnty. Case No. CC-29-2023-C-2)

**MARK BALL**
**and BALL AUCTION, INC.,**
**d/b/a BALL AUTO AUCTION,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Fernando M. Smith and Jamie E. Crabtree appeal the December 12, 2023, Order Granting Defendants' Motion for Summary Judgment from the Circuit Court of Mineral County. Respondents Mark Ball and Ball Auction, Inc., d/b/a Ball Auto Action (collectively "Ball Auto") filed a response.[1] Petitioners did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 17, 2023, Petitioners filed a three-count complaint against Ball Auto, alleging fraud, punitive damages, and breach of contract. According to the complaint, the parties agreed for Ball Auto to sell on consignment certain vehicle service equipment, tools, tanning beds, a video hockey machine, and more than seventeen automobiles in the possession of Petitioners. The sale of these items was part of the wind down of Mr. Smith's former business, Pristine Pre-Owned Auto, Inc. ("Pristine"), for which he was registered with the West Virginia Secretary of State's Office as the corporation's president, vice president, and treasurer. The complaint contended that Ball Auto sold the items but failed to deliver the sale proceeds to Petitioners. Pristine was never named as a party to the action.

Ball Auto filed its answer and a motion to dismiss on February 17, 2023, wherein it sought dismissal of the fraud and punitive damages claims. The circuit court entered an

---

[1] Petitioners are self-represented. Ball Auto is represented by Trevor K. Taylor, Esq.

order dismissing those claims on March 22, 2023. A scheduling conference was held on March 6, 2023, and on March 14, 2023, the circuit court entered a scheduling order setting forth certain deadlines to govern the remaining litigation. This included deadlines for discovery and the filing of dispositive motions and responses, as well as set a dispositive motions hearing for November 17, 2023, at 11:00 a.m. Following the close of discovery under the scheduling order, Ball Auto filed a motion for summary judgment on October 16, 2023, seeking summary judgment on the remaining breach of contract claim.

In support of their motion, Ball Auto alleged that based on the evidence, which largely consisted of deposition testimony given by Petitioners: (1) Petitioners lacked standing to assert a breach of contract claim because the evidence established the property was owned by Pristine and not by them individually; (2) both admitted that there was no written agreement with Ball Auto and the lack of a written agreement violated the statute of frauds; (3) as nonlawyers, West Virginia law precluded Petitioners from pursuing a claim on behalf of Pristine; and (4) the complaint failed to establish that a contract was formed between Petitioners with Mr. Ball individually.

According to the scheduling order, a response to the motion for summary judgment was required to be filed no later than November 3, 2023. However, Petitioners did not file a response to the motion. Rather, approximately thirty-six minutes prior to the November 17, 2023, hearing, Petitioners filed a written "Request for an Enlargement of Time to Respond to [Ball Auto's] Motion for Summary Judgment and Continuance of Dispositive Motion Hearing." This Request claimed that Petitioners had just become aware that this additional time was needed.

The circuit court held the hearing as scheduled and Ms. Crabtree was the only plaintiff to appear. On December 12, 2023, the circuit court granted Ball Auto's motion for summary judgment and denied Petitioners' Request for Enlargement of Time. In its Order, the court noted that no response had been filed in opposition to the motion for summary judgment, only Ms. Crabtree appeared at the hearing, and that she offered no substantive argument in opposition to summary judgment. The court further concluded that based upon the evidence, Petitioners could not establish any ownership interest in the property and lacked standing to assert a breach of contract claim; the property was owned by Pristine, but as nonlawyers, Petitioners were precluded from pursuing a claim on that corporation's behalf; the lack of a written agreement violated the our state's statute of frauds; and that Petitioners acknowledged that there was no contract formed with Mr. Ball individually.

The Order also set forth the reasons for the denial of Petitioners' Request for Enlargement of Time. It found that the parties had been provided with a copy of the court's scheduling order more than eight months prior to the hearing, and in that order, the court set forth various deadlines for the parties to follow. However, it found that even when affording Petitioners the recognized protections for self-represented litigants, they had

2

ignored the scheduling order and had not been diligent in the prosecution of their case. On this point, the circuit court noted:

> [Ball Auto] served their Motion and Supporting Memorandum for Summary Judgment in accordance with the [c]ourt's Scheduling Order on October 16, 2023, some 32 days prior to the hearing set by this [c]ourt. [Petitioners] had ample time to respond to [Ball Auto's] Motion, or, if they believed it appropriate, to request additional time in which to respond to said Motion. [Petitioners] never responded to [the] Motion. [Their] request for additional time in which to respond to [the] Motion *came* just some 36 minutes prior to the hearing. [Petitioners'] delay in filing this Request is evidence of [their] general approach to this litigation as a whole. [They] have failed to utilize the time given under this [c]ourt's Scheduling Order to timely develop their case. For example, despite having initiated this litigation on January 17, 2023, [Petitioners] waited until September 11, 2023, to initiate any discovery on their own behalf. The period for discovery in this matter closed on September 30, 2023, approximately 19 days later.

This appeal followed.

In West Virginia, "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994). In conducting a de novo review, this Court applies the same standard for granting summary judgment that a circuit court must apply, and that standard states, "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." *United Bank, Inc. v. Blosser*, 218 W. Va. 378, 383, 624 S.E.2d 815, 820 (2005) (quoting Syl. Pt. 2, *Painter*, 192 W. Va. at 190, 451 S.E.2d at 756). "Summary judgment is appropriate if, from the totality of the evidence presented . . . the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syl. Pt. 2, *Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 459 S.E.2d 329 (1995). Trial courts have broad discretion when it comes to deciding whether to allow a party to conduct additional discovery before granting summary judgment. *Powderidge Unit Owners Assn. v. Highland Properties, Ltd.*, 196 W. Va. 692, 702, 474 S.E.2d 872, 882 (1996).

On appeal, Petitioners argue that the circuit court erred in granting Ball Auto summary judgment for six reasons: (1) the court failed to show them leniency as self-represented litigants; (2) they were at a procedural disadvantage due to the court's use of an e-filing system; (3) the court erred in granting summary judgment amid discovery disputes; (4) the court overlooked evidence of property ownership and deposition misconduct by Ball Auto's counsel; (5) the court erred by dismissing the breach of contract claim based upon non-inclusion of Pristine as a party; and (6) the court erred in its

interpretation of the statute of frauds and ignored evidence of a contract between the parties.

With respect to a motion for summary judgment, Rule 56(e) of the West Virginia Rules of Civil Procedure states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The Supreme Court of Appeals has held that, after a party files a "properly supported motion for summary judgment," the nonmoving party must "(1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure." *Williams*, 194 W. Va. 52, 459 S.E.2d 329, Syl. Pt. 3; *see also id.* at 60, 459 S.E.2d at 337 (quotations and citations omitted) ("[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere 'scintilla of evidence' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor").

Ball Auto filed a properly supported motion for summary judgment, citing affirmative evidence demonstrating that Petitioners lacked standing to pursue their breach of contract claim and that the claim failed under the statute of frauds. As set forth above, Petitioners did not file a substantive response to Ball Auto's motion for summary judgment. Instead, their only relevant filing was the "Request for an Enlargement of Time to Respond to [Ball Auto's] Motion for Summary Judgment and Continuance of Dispositive Motion Hearing," filed shortly before the summary judgment hearing on November 17, 2023.

The Supreme Court of Appeals has explained that a party seeking a continuance for additional discovery must meet certain requirements:

> An opponent of a summary judgment motion requesting a continuance for further discovery need not follow the exact letter of Rule 56(f) of the West Virginia Rules of Civil Procedure in order to obtain it. When a departure from the rule occurs, it should be made in written form and in a timely manner. The statement must be made, if not by affidavit, in some authoritative manner by the party under penalty of perjury or by written representations of counsel. At a minimum, the party making an informal Rule 56(f) motion must satisfy four requirements. It should (1) articulate some plausible basis for the party's belief that specified "discoverable" material

4

facts likely exist which have not yet become accessible to the party; (2) demonstrate some realistic prospect that the material facts can be obtained within a reasonable additional time period; (3) demonstrate that the material facts will, if obtained, suffice to engender an issue both genuine and material; and (4) demonstrate good cause for failure to have conducted the discovery earlier.

*Powderidge*, 196 W. Va. 692, 474 S.E.2d 872, Syl. Pt. 1.

Petitioners' Request for Enlargement of Time does not meet these standards. As an initial matter, it was not timely. The circuit court's March 14, 2023, scheduling order, provided deadlines of September 30, 2023, for the close of discovery, and November 3, 2023, for responses to dispositive motions. But Petitioners did not file their motion until about thirty-six minutes before the dispositive motions hearing on November 17, 2023. Moreover, Petitioners only generally stated that they were "seeking an opportunity to compel discovery from [Ball Auto]," but failed to specifically identify discoverable materials or explain how those materials would create an issue of material fact. Accordingly, we find that the circuit court did not abuse its discretion in denying Petitioners' request for a continuance.

Aside from Petitioners' untimely request for a continuance, none of their arguments on appeal were raised before the circuit court. In that regard, "[o]ur general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (per curiam) (citations and quotations omitted); *PITA, LLC v. Segal*, 249 W. Va. 26, 40, 894 S.E.2d 379, 393 (Ct. App. 2023) (noting that as a general rule, an appellate court will not consider an issue raised for the first time on appeal). As our state's highest court has explained, the reason for excluding the review of such nonjurisdictional issues,

is that when an issue has not been raised below, the facts underlying that issue will not have been developed in such a way so that a disposition can be made on appeal. Moreover, we consider the element of fairness. When a case has proceeded to its ultimate resolution below, it is manifestly unfair for a party to raise new issues on appeal. Finally, there is also a need to have the issue refined, developed, and adjudicated by the trial court, so that we may have the benefit of its wisdom.

*Whitlow v. Bd. of Educ. of Kanawha Cnty.*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993).

The failure of Petitioners to respond to Ball Auto's well-supported motion for summary judgment or previously raise the arguments they now make to this Court prevented the development of those factual issues in such a manner as to facilitate disposition on appeal. Likewise, as expressed in *Whitlow*, it would be manifestly unfair to

Ball Auto to permit Petitioners to raise these new issues on appeal when they were not timely raised to the circuit court to be addressed prior to entry of summary judgment. Because the circuit court was not afforded the opportunity to address these issues below, we decline to address them here.

As outlined by the ruling on appeal, Petitioners failed to proactively litigate their case by waiting until the eleventh hour to act and not timely complying with the requirements of the circuit court's scheduling order. "Although the right to appear [self-represented] is available to all natural persons . . . it cannot be employed in a manner which unreasonably interferes with the duty of the trial court to supervise and control judicial proceedings to ensure fairness to all parties." *Blair v. Maynard*, 174 W. Va. 247, 252, 324 S.E.2d 391, 395 (1984). Indeed, courts should strive to "ensure that the diligent [self-represented] party does not forfeit any substantial rights by inadvertent omission or mistake. . . . [However,] ultimately, the [self-represented] litigant must bear the responsibility and accept the consequences of any mistakes and errors." *Id.* at 253, 324 S.E. at 396; *see also Baker v. Chemours Co. FC*, 244 W. Va. 553, 563, 855 S.E.2d 344, 354 (2021) (citations omitted) (stating that a trial court has broad discretion to control its docket and enforce the time limits of its scheduling orders under Rule 16(b) of the West Virginia Rules of Civil Procedure). Here, the lack of diligence by Petitioners in this case is not excused by virtue of their self-represented party status. Rather, when coupled with their failure, entirely, to respond to Ball Auto's motion for summary judgment, we conclude that there is no error in the circuit court's determination that Ball Auto is entitled to summary judgment.

Accordingly, we affirm.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear