No. 25-ICA-72 - *Adrian Osborne v. Kevin Mace, M.D., Montana Boyce, R.N., United Hospital Center, Inc., and West Virginia University Board of Governors*

**FILED**

**November 12, 2025**

released at 3:00 p.m.
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

WHITE, Judge, concurring:

I concur with Judge Greear's opinion and its sound reasoning regarding the application of the rational basis test to § 55-7B-4(c). I am writing a concurrence in order to further develop why *Whitlow v. Board of Education of Kanawha County*, 190 W. Va. 223, 438 S.E.2d 15 (1993) is not outcome determinative of this case.

Petitioner argues, for good reason, that *Whitlow* requires courts to apply the rational basis test in a way that would hold § 55-7B-4(c) to violate the Equal Protection Clause in Section X of Article III of the West Virginia Constitution just as *Whitlow* held that § 29-12A-6(b) violated the Equal Protection Clause. Respondents argued that the case at hand is distinguishable from the case of *Whitlow* for a number of reasons and therefore inapplicable. While I agree with the Petitioner for the most part that the facts in each case are indistinguishable in any way that matters, I concur with the majority opinion because the rational basis test that was applied in *Whitlow* is not in concurrence with the current state of the law regarding the rational basis test as most recently espoused by the Supreme Court of Appeals of West Virginia ("SCAWV").

1

It is my firm belief that the court in *Whitlow* and its antecedents, *see, e.g.*, *State ex rel. Longanacre v. Crabtree*, 177 W. Va. 132, 350 S.E.2d 760 (1986); *O'Neil v. City of Parkersburg,* 160 W. Va. 694, 237 S.E.2d 504 (1977), set forth a rational basis test[1] with a heightened level of scrutiny that is not consistent with the traditional rational basis test that federal courts and many, if not most, state courts have typically utilized when analyzing alleged Equal Protection violations. Obviously, the SCAWV is not obligated to adopt the federal standard for rational basis review[2] which is a very deferential standard as eloquently outlined in the majority opinion and the recent SCAWV cases. In *Whitlow, Longanacre*, and *O'Neil*, the court examined the purported reasons set forth for the legislature enacting such legislation and found that the legislation violated the equal protection clause because it did not agree that the statute would accomplish the goal of the

---

[1] The "rational basis test" has also been described as a "rational relationship test." *See, e.g., Appalachian Power Co. v. State Tax Dept. of W. Va.*, 195 W. Va. 573, 594, 466 S.E.2d 424, 445 (1995); *Murray Energy Corp. v. Steager*, 241 W. Va. 629, 643, 827 S.E.2d 417, 431 ("When an equal protection challenge is made involving economic rights, the rational relationship test is utilized…"); *Michael H. v. Gerald D.*, 491 U.S. 110, 131 (1989) ("We apply… the ordinary 'rational relationship' test to Victoria's equal protection challenge.").

[2] State courts are free to adopt a more expansive interpretation of their own equal protection clauses than federal court interpretations of the equal protection clause of the Fourteenth Amendment. *See generally Oregon v. Hass*, 420 U.S. 714, 719 (1975) (recognizing that "a state is free as a matter of its own law" to provide greater protections than the federal constitution). The SCAWV, while frequently looking to federal cases for guidance, has indicated that the state equal protection clause may be even broader than its federal counterpart. *See Marcus v. Holley*, 217 W. Va. 508, 523, 618 S.E.2d 517, 532 (2005); Syl. Pt. 3, *Robertson v. Goldman*, 179 W. Va. 453, 369 S.E.2d 888 (1988).

legislature. In other words, the SCAWV appeared to adopt a "rational basis with bite" test[3] which allowed the court to overturn legislation if it did not agree that the classifications created by the statute would actually accomplish the legitimate interest the state was attempting to address.

For example, in *Whitlow*, the court noted the "rational basis advanced for West Virginia Code § 29-12A-6, was to limit potential litigation and, thereby, to assist political subdivisions in obtaining affordable insurance" and further stated "We are unwilling to find a rational basis for the legislative reduction of the tolling period for minors in this case." 190 W. Va. at 231, 438 S.E.2d at 23. This statement alone is in direct contradiction to the language in *State ex rel. W. Va. Secondary Sch. Activities Comm'n v. Cuomo,* 247 W. Va. 324, 334, 880 S.E.2d 46, 56 (2022) which stated "[a]t the very least, this rationale is debatable, which is all that rational basis requires for us to uphold the Residence-Transfer Rule" when talking about the basis advanced for requiring in-state students to sit out a year from athletics while allowing out-of-state students to play sports without sitting out.

---

[3] "Rational basis with bite," has also been referred to as "rational basis with teeth" and "meaningful rational basis." *See Ferdon ex rel. Petrucelli v. Wis. Patients Comp. Fund*, 701 N.W.2d 440, 462 (Wis. 2005), *overruled, Mayo v. Wis. Injured Patients and Families Comp. Fund*, 914 N.W.2d 678 (Wis. 2018). For a good general discussion of "rational basis with bite," see Jennifer Jolly-Ryan, *Ebolamania and Equal Protection of Health Care Workers Under Rational Basis with Bite Review*, 120 W. Va. L. Rev. 575 (2017).

It appears that sometime after *Whitlow*, the SCAWV altered its course regarding the rational basis with bite analysis that was clearly utilized in *Whitlow, Longanacre*, and *O'Neil*. In *Marcus v. Holley*, 217 W. Va. 508, 618 S.E.2d 517 (2005), the court referenced a more deferential standard by citing the United States Supreme Court's *Schweiker v. Wilson,* 450 U.S. 221 (1981) opinion when it stated: "This inquiry employs a relatively relaxed standard reflecting the Court's awareness that the drawing of lines that create distinctions is peculiarly a legislative task and an unavoidable one. Perfection in making the necessary classification is neither possible nor necessary." *Id*. at 524, 618 S.E.2d at 533. The court in *Marcus v. Holley* also opined that the legislature need not articulate a rationale supporting its classification; it was sufficient if there was "any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* at 523, 618 S.E.2d at 532 (quoting *Heller v. Doe*, 509 U.S. 312, 320 (1993)). Furthermore, "in the process of determining whether a legitimate governmental purpose exists, 'the court may even hypothesize the motivations ... to find a legitimate objective.'" *Id.* at 525, 618 S.E.2d at 534 (quoting *Malmed v. Thornburgh,* 621 F.2d 565, 569 (3d Cir. 1980)). The Court used similar language in *Murray Energy Corporation v. Steager,* 241 W. Va. 629, 644, 827 S.E.2d 417, 432 (2019) stating that "the Equal Protection Clause is satisfied so long as there is a plausible policy reason for the classification."

Finally, the language used in the *SSAC* case makes clear that the highly deferential standard adopted by the United States Supreme Court should be utilized when

a court in West Virginia applies the rational basis test. In *SSAC*, the court declared that courts "must independently consider whether there is any conceivable rational basis for the classification, regardless of whether the reason ultimately relied on is provided by the parties or the court." *Id.* at 334 n.6, 880 S.E.2d at 56 n.6 (citing *Teigen v. Renfrow*, 511 F.3d 1072, 1084 (10th Cir. 2007); and *Starlight Sugar, Inc. v. Soto*, 253 F.3d 137, 146 (1st Cir. 2001) (recognizing that even if the government's stated justification for enforcing a regulation is insufficient to uphold the rationality of the regulation, a court has the obligation to seek out other conceivable reasons validating the regulation).

The *SSAC* court also repeatedly quoted federal precedent concerning the deferential nature of the rational basis test, noting that "[a] plaintiff challenging a statute or rule under the rational basis test faces 'a tremendous uphill battle,'" "[t]here is a 'strong presumption of validity' when examining a statute under rational basis review, and the burden is on the party challenging the validity of the legislative action to establish that the statute is unconstitutional," that "challenges to a statute or rule under rational basis review rarely succeed," and that "[i]n the ordinary case, a law will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous." 247 W. Va. at 333, 880 S.E.2d at 55. It also cautioned that "[t]o find that a rule or statute is unconstitutional, it must be shown that the rule or statute is unconstitutional beyond a reasonable doubt." *Id.*

5

Accordingly, I believe the SCAWV in its more recent development of the rational basis test in West Virginia implicitly overruled the way *Whitlow, Longanacre,* and *O'Neil* applied the rational basis with bite test rather than using the traditional rational basis test. The *Whitlow* court's proclamation that "[c]arving suits by infants against political subdivisions out of the general statutory tolling provisions can hardly be thought to substantially diminish the number of suits filed," 190 W. Va. at 231, 438 S.E.2d at 23, does not comport with the deference our state Supreme Court has more recently stated the rational basis test demands. It is my firm belief, under the current rational basis test as established by the SCAWV, the decision in *Whitlow* might have gone the other way.[4]

---

[4] Interestingly, one of the cases cited in *Whitlow*, the New Hampshire case of *Carson v. Maurer*, 424 A.2d 825 (N.H. 1980) (per curiam), did not utilize the rational basis test to strike down the statute in question. Instead, it applied a "more rigorous judicial scrutiny than allowed under the rational basis test." *Id*. at 830. However, since the parties agreed the issue before us was solely whether the statute at hand violated the rational basis test, our court should not examine whether such a heightened analysis is warranted in the case at hand.